EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Alessandrina Casale Villani | 2017 TSPR 100 <br><br> 198 DPR ____ |

Número del Caso: TS-12,014


Fecha: 12 de junio de 2017


Abogado de la promovida:

      Por derecho propio.

Programa de Educación Jurídica Continua:

      Lcdo. José Ignacio Campos Pérez

Materia: Conducta Profesional – La suspensión será efectiva el 13 de junio de 2017, fecha en que se le notificó por correo a la a abogada de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Alessandrina Casale Villani

TS-12,014

PER CURIAM

En San Juan, Puerto Rico, a de 12 junio de 2017.

En el día de hoy nos corresponde ejercer nuestra facultad inherente de regular la profesión jurídica y suspender de forma inmediata e indefinida a la Lcda. Alessandrina Casale Villani del ejercicio de la abogacía y la notaría, por su incumplimiento con los requerimientos del Programa de Educación Jurídica Continua (PEJC).

I

La Lcda. Alessandrina Casale Villani (licenciada Casale Villani o letrada) fue admitida a la práctica de la abogacía el 22 de julio de 1997 y a la práctica de la notaría el 12 de junio de 1998.

El asunto ante nuestra consideración surgió el 18 de noviembre de 2009, fecha en que el PEJC cursó a la licenciada Casale Villani un *Aviso de Incumplimiento*. Mediante éste, le notificó a la letrada sobre su incumplimiento con las horas crédito de educación jurídica continua para el término del 2007-2009 (primer término). Asimismo, le concedió la opción de completar los créditos no satisfechos dentro del término de sesenta días y le ordenó pagar una multa por su cumplimiento tardío.

Ante la inacción de la licenciada Casale Villani, el 4 de enero de 2012 el PEJC remitió una citación a una vista informal a celebrarse el 31 de enero de 2012. Esto, con el propósito de que la letrada justificara su incumplimiento. No obstante, en la referida citación también se dispuso que, de ésta no poder asistir a la vista, podía presentar su comparecencia por escrito.

En consecuencia, el 3 de febrero de 2012 la licenciada Casale Villani remitió su comparecencia escrita. En dicha comparecencia, la letrada adujo que para el 2009 se encontró indispuesta por motivos de salud. Comunicó que su rutina se afectó por situaciones médicas y económicas. Sostuvo que tales situaciones se originaron a partir del alumbramiento de su primer hijo, a quien se le diagnosticó varias condiciones médicas. Manifestó, también, su interés de completar los requisitos de educación jurídica continua durante los siguientes meses y de remitir un cheque por el monto de cien dólares. Incluso, precisó que tramitaría los

formularios para peticionar una baja. Ello, pues, posiblemente, antes de que culminara el periodo corriente, se trasladaría a los Estados Unidos de América (EE.UU.).

En vista de los eventos narrados, el 10 de febrero de 2012 el PEJC envió un aviso a la licenciada Casale Villani. En dicha comunicación, se concedió a la letrada una prórroga final de treinta días, desde la fecha de la vista, para completar su deficiencia en los créditos de educación continua. Asimismo, se le apercibió que se verificaría su cumplimiento y que, de no poder constatar el mismo, el asunto se remitiría a la Junta de Educación Jurídica Continua (Junta), para que ésta determinara si el asunto debía ser referido ante este Tribunal.[1]

Consecuentemente, el 3 de marzo de 2012 la licenciada Casale Villani envió una carta al PEJC. Junto con su comunicación, la letrada sometió varias hojas de registro de cuatro seminarios que ésta tomaría durante ese mes.[2] Ello, con el propósito de subsanar su deficiencia con el primer término. Ulteriormente, el 15 de octubre de 2014 la licenciada Casale Villani cursó una carta a la entonces Directora Ejecutiva del PEJC, Hon. Geisa M. Marrero Martínez (Directora). A través de dicha misiva, la letrada expresó que cesó de ejercer la profesión legal pues tenía

---

[1] Inicialmente dicho aviso se envió por correo regular, pero la notificación fue devuelta al PEJC. Por ello, el 17 de febrero de 2012 la Ayudante Administrativa del PEJC le remitió dicha comunicación al correo electrónico de la licenciada Casale Villani.

[2] Además, en el Informe se consignó que la licenciada Casale Villani incluyó la hoja de matrícula de un curso que no surgió del historial de cursos acreditados. Esto pues, el proveedor del curso no certificó su asistencia.

que atender los padecimientos médicos de su hijo. Apuntó que por esas mismas razones, actualmente, residía en los EEUU. Además, manifestó que tramitaría los formularios para solicitar una baja.

Debido a que la licenciada Casale Villani no subsanó su incumplimiento, el 20 de noviembre de 2014 el PEJC le remitió un correo electrónico. En éste, detalló las deficiencias que tenía y se adjuntó la determinación de la Directora.[3] También, a la letrada se le advirtió sobre su obligación de cumplir los requisitos del PEJC mientras su estatus de abogada y notaria esté "activo". Además, se le indicó que, puesto a que continuó ejerciendo la profesión legal, no podía ser relevada de cumplir los requisitos de educación jurídica continua. Inclusive, se le informó sobre el proceso para cambiar su estatus de abogado "activo" a "inactivo". Particularmente, se explicó sobre la necesidad de que esta Curia admita la petición de cambio, para que quede relevada de cumplir los requisitos de educación jurídica continua.

Posteriormente, el Director Ejecutivo del PEJC, Lcdo. José I. Campos Pérez (Director) recomendó a la Junta rendir un informe ante este Tribunal. El 25 de mayo de 2016 ese ente acogió dicha recomendación. Por consiguiente, el 4 de noviembre del 2016 el Director del PEJC nos presentó un

---

[3] En la comunicación se adjuntó una tabla donde se consignó que para el primer término resta por cumplir 3.5 horas crédito generales. Mientras al segundo término le queda por cumplir 24 horas crédito. Igualmente, para el tercer término, la letrada tiene que cumplir 24 horas crédito. Por último, respecto al cuarto término, si bien no había culminado, la licencia Casale Villani tampoco había cumplido las horas crédito requeridas.

*Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* (Informe). En éste, detalló que la licenciada Casale Villani incumplió con su deber de tomar los créditos de educación jurídica continua para el primer término. Igualmente, puntualizó que la letrada tampoco cumplió estos requisitos para el periodo de 2009-2011 (segundo término), el periodo de 2011-2013 (tercer término)[4] y el periodo de 2013-2016 (cuarto término).[5]

Tras recibir y examinar el Informe, el 21 de noviembre de 2016 este Foro emitió una *Resolución* por medio de la cual concedimos a la licenciada Casale Villani un término de veinte días para mostrar causa por la cual no debía ser suspendida del ejercicio de la abogacía. No obstante, el 28 de noviembre de 2016 se nos devolvió la referida notificación. Por tal razón, el 30 de noviembre de 2016 el Alguacil de este Tribunal se personó a la residencia de la letrada. Empero, al no lograr conseguirla, se comunicó con ésta vía telefónica. Durante la conversación, la licenciada Casale Villani manifestó que hacía dos años que se mudó de Puerto Rico y le brindó su nueva dirección.[6]

En vista de lo que antecede, el 22 de diciembre de 2016 el Secretario del Tribunal envió la Resolución al

---

[4] En cuanto al segundo término, a la licenciada Casale Villani se le envió un Aviso de Incumplimiento el 10 de enero de 2012. Respecto al tercer término, el 22 de noviembre de 2013 se le cursó un Aviso de Incumplimiento. No obstante lo anterior, la licenciada Casale Villani no fue citada a una vista informal por el incumplimiento del segundo y tercer término.

[5] Sin embargo, en la fecha que se remitió el Informe, a la letrada no se le había notificado sobre su incumplimiento con el cuarto término.

[6] Al no poderle entregar nuestra Resolución a la licenciada Casale Villani, el Alguacil devolvió el diligenciamiento negativo.

correo electrónico de la letrada. A raíz de ello, el 18 de enero de 2017 la licenciada Casale Villani nos envió a través del correo postal dos documentos. En el primero, la letrada detalló que el 24 de diciembre de 2016 envió su escrito mostrando causa al correo electrónico de la Secretaría. No obstante, indicó que ésta replicó su comunicación y le informó que la solicitud no podía ser presentada por correo electrónico, sino que debía remitirse mediante correo postal. Por otro lado, el segundo escrito se tituló *Moción para Mostrar Causa*. En éste, la licenciada Casale Villani argumentó que solamente recibió ciertas comunicaciones del PEJC, a saber: (1) la citación a la vista informal; (2) la notificación de incumplimiento; y (3) el historial del primer y segundo periodo.

Además, respecto al primer término, la licenciada Casale Villani sostuvo que incluyó una carta que contenía el acuerdo que efectuó con el PEJC. Apuntó que, según el acuerdo, la letrada sometería las hojas de registros de los seminarios por un total de 12.75 horas crédito. Expresó también, que tomó 9.5 horas crédito y que únicamente le restaba cumplir 3.25 horas crédito del primer término. En lo atinente al segundo término, la licenciada Casale Villani expresó que comunicó al PEJC su impedimento para cumplir los requisitos de educación continua dado a complicaciones médicas. Ello, en vista de que a su primer hijo se le diagnosticó con una condición médica que requería de toda su atención y recursos económicos. Además,

la letrada expresó su interés de tomar en línea todos los créditos que le faltaren por satisfacer. Informó que, para poder costear los cursos, comenzó a laborar como tutora en materias de español, inglés y matemática.

Por otra parte, la licenciada Casale Villani manifestó que hace poco más de dos años se trasladó al estado de Florida. Sostuvo que, antes de mudarse, se comunicó con la Oficina de Inspección de Inspección de Notarías (ODIN) para informar su interés de que se inspeccionara su obra notarial ya que no ejercería la profesión legal desde agosto de 2014. Esto, con el fin de entregar su obra notarial y solicitar el estatus de inactiva, y de esta forma solo completar las horas crédito hasta esa fecha. Así, también, la letrada informó que la ODIN comenzó la inspección de su obra notarial mientras residía en el estado de Florida, circunstancia que prolongó el proceso. Además, indicó que la ODIN inspeccionaría nuevamente su obra notarial durante el mes de enero de este año.

Finalmente, la licenciada Casale Villani nos peticionó que se le concediera un tiempo razonable y/o se le permitiera someter un itinerario detallado para subsanar su deficiencia de créditos. Solicitó, además, que le permitiéramos tomar únicamente las horas crédito correspondiente al segundo y tercer término. En cuanto al cuarto término, la letrada solicitó que accediéramos a que completara solamente la mitad, pues no ejercía la profesión desde agosto de 2014.

En vista de la situación fáctica antes expuesta, pasamos a discutir el marco legal aplicable.

II

El Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, preceptúa la calidad de los servicios legales que todo miembro de la clase togada debe brindar al establecer lo siguiente:

> **A fin de viabilizar el objetivo de representación legal adecuada para toda persona, el abogado también debe realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional.[7]**

En consecución del objetivo de alentar y contribuir al mejoramiento profesional de los miembros de la clase togada, y al amparo de nuestro poder inherente para reglamentar la profesión legal, implantamos un programa de educación jurídica continua obligatorio al adoptar el *Reglamento de Educación Jurídica Continua*, según enmendado, 4 LPRA Ap. XVII-D.[8] Salvo contadas excepciones, todo profesional del Derecho admitido al ejercicio de la abogacía o notaría viene obligado a cumplir con el mismo.[9] Inicialmente, dicha obligación comprendía el tomar un mínimo de veinticuatro horas crédito de educación jurídica

---

[7] (Énfasis suplido).

[8] Valga aclarar que el 2 de junio de 2017 certificamos un nuevo R*eglamento del Programa de Educación Jurídica Continua*. Mediante éste, se derogó el Reglamento de Educación Jurídica Continua, *supra,* y el *Reglamento del Programa de Educación Jurídica Continua*, 4A LPRA Ap. XVII-E, según enmendados. No obstante, en este caso los hechos acontecieron previo a la aprobación del mismo por lo que es de aplicación la antigua reglamentación.

[9] Reglamento del Programa de Educación Jurídica Continua, *supra*, Regla 4.

continua en un término de dos años.[10] Sin embargo, mediante Resolución extendimos dicho periodo a tres años.[11] Así, pues, en resumidas cuentas incumple con su deber de educarse continuamente aquel letrado que no completa veinticuatro horas crédito en un plazo de tres años.

Posteriormente, a través de la aprobación del Reglamento del Programa de Educación Continua (Reglamento del PEJC) instauramos el andamiaje administrativo que posibilitó la implementación y manejo del cumplimiento de los abogados con este deber.[12] Mediante éste, se detalló el proceso a seguirse cuando un profesional del Derecho incumple los requisitos de educación jurídica continua.[13]

Así las cosas, luego de sesenta días desde el fin de cada periodo de cumplimiento sin que algún miembro de la profesión legal haya cumplido con los créditos requeridos, la Junta le enviará un Aviso de Incumplimiento.[14] Una vez el abogado es notificado de su incumplimiento, éste deberá cumplir las horas crédito en un plazo de sesenta días desde la notificación del Aviso de Incumplimiento y pagar una multa por la suma de cincuenta dólares por cumplimiento tardío.[15] De no hacerlo, el Director del PEJC citará al togado a una vista informal, donde se le concederá la

---

[10] Reglamento de Educación Jurídica Continua, *supra*, Regla 6.
[11] *In re Enmiendas al Reglamento de Educación Jurídica Continua y al Reglamento del Programa de Educación Jurídica Continua*, 193 DPR 233 (2015).
[12] *In re Torres Estrada*, 193 DPR 1021 (2015); Reglamento del Programa de Educación Jurídica *Continua, supra*, Regla 3.
[13] *In re Ruidiaz Rodríguez*, 2017 TSPR 44, 197 DPR ___ (2017).
[14] Reglamento del Programa de Educación Jurídica *Continua, supra*, Regla 29.
[15] Reglamento del Programa de Educación Jurídica *Continua, supra*, Regla 30.

oportunidad de explicar las razones de su incumplimiento.[16] Así, pues, en caso de que el togado comparezca a la vista, la Junta determinará si somete ante este Tribunal un informe con sus determinaciones y recomendaciones.[17]

Finalmente, en casos sobre incumplimiento con los requisitos del PEJC, hemos enfatizado que "la desidia y la dejadez ante los requerimientos del PEJC, no solo constituyen un gasto de recursos administrativos para el Programa, sino que también refleja una patente falta de compromiso con el deber de excelencia y competencia que impone el Canon 2".[18] Por tanto, la inobservancia de los requisitos de educación continua implica una violación al Canon 2 del Código de Ética Profesional, *supra*. Por tal razón, nos hemos visto obligados a suspender miembros de la profesión legal que desatienden los requerimientos del PEJC e incumplen con las horas crédito de educación continua.[19]

Esbozado el marco jurídico aplicable a estos hechos, procedemos a resolver.

III

En el caso ante nuestra consideración, tras habérsele concedido múltiples oportunidades, la licenciada Casale Villani no ha satisfecho su deficiencia con las horas crédito de educación jurídica continua. Como mencionamos, aproximadamente ocho años atrás, el PEJC remitió a la

---

[16] Reglamento del Programa de Educación Jurídica *Continua, supra*, Regla 31; Reglamento de Educación Jurídica Continua, *supra*, Regla 9.
[17] Reglamento de Educación Jurídica Continua, *supra*, Regla 8(d)(2).
[18] *In re Genaro Rodríguez Gerena*, 2017 TSPR 40, 197 DPR ___ (2017).
[19] *In re Camacho Pérez*, 2017 TSPR 12, 197 DPR ___ (2017).

letrada una notificación. Allí, le avisó de su inobservancia con los requisitos de educación jurídica continua y le concedió un término de sesenta días para completar las horas crédito del primer término. Sin embargo -dos años y varios meses más tarde- el PEJC citó a la licenciada Casale Villani a una vista informal, pues ésta todavía permanecía en incumplimiento. Desde entonces, la letrada sustentó las circunstancias que le impidieron cumplir con su obligación. Asimismo, en varias ocasiones, expresó su interés de tramitar la petición de baja voluntaria de la práctica legal. No obstante, a la fecha de hoy, la letrada no ha completado las horas crédito de educación jurídica continua del primer periodo, ni tampoco las de los términos subsiguientes. Además, su estado de abogada y notaria se mantiene "activo".

Por otro lado, es preciso destacar que la licenciada Casale Villani nos solicitó un tiempo razonable para tomar las horas crédito por el tiempo que practicó la profesión jurídica. Así, peticionó que se le relevara de cumplir con los requisitos de educación jurídica continua a partir de agosto del 2014, fecha en que cesó de practicar la abogacía. Tal pretensión no es posible, pues el mero hecho que un abogado con estatus "activo" no ejerza la profesión legal no le exime de su obligación de completar los requisitos de educación jurídica continua. Cabe resaltar que la reglamentación antes discutida, impone a todo profesional del Derecho que esté **admitido** a la práctica

legal el deber de tomar educación jurídica continua. Por último, apuntamos que el caso de marras no está dentro de las excepciones que establece la Regla 4 del Reglamento del PEJC para que la letrada sea relevada de cumplir con su deber.

IV

Por los fundamentos antes expuestos, suspendemos de manera inmediata e indefinida a la licenciada Casale Villani de la práctica de la abogacía y la notaría. Por tanto, la fianza notarial queda automáticamente cancelada. Además, le imponemos a la señora Casale Villani el deber de avisar inmediatamente a todos sus clientes de su inhabilidad de continuar representándolos, restituir los honorarios recibidos por labores no realizadas y comunicar sobre su suspensión a los foros judiciales y administrativos de Puerto Rico en los que tenga algún caso pendiente. Asimismo, deberá acreditar y certificar ante este Foro el cumplimiento de lo antes dispuesto, en un término de treinta días desde la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese inmediatamente por teléfono, correo electrónico y por la vía ordinaria.

Se dictará Sentencia de conformidad.

Publíquese.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Alessandrina Casale Villani          TS-12,014

SENTENCIA

En San Juan, Puerto Rico, a 12 de junio de 2017.

Por los fundamentos esbozados en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, determinamos que la licenciada Casale Villani infringió su deber de completar los requisitos del Programa de Educación Jurídica Continua. En consecuencia, la suspendemos de forma inmediata e indefinida de la práctica de la abogacía y la notaría. Su fianza notarial queda automáticamente cancelada.

Le imponemos a la señora Casale Villani el deber de avisar inmediatamente a todos sus clientes de su inhabilidad de continuar representándolos, restituir los honorarios recibidos por labores no realizadas y comunicar sobre su suspensión a los foros judiciales y administrativos de Puerto Rico en los que tenga algún caso pendiente. Asimismo, deberá acreditar y certificar ante este Foro el cumplimiento de lo antes dispuesto, en un término de treinta días desde la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese inmediatamente por correo postal, teléfono y correo electrónico.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.


                          Juan Ernesto Dávila Rivera
                       Secretario del Tribunal Supremo