EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br><br>Justo Méndez Molina | 2018 TSPR 3<br><br>199 DPR ____ |

Número del Caso: TS-13,522


Fecha:   5 de enero de 2018


Abogado del promovido:

        Por derecho propio



Programa de Educación Jurídica Continua

        Lcdo. José Ignacio Campos Pérez
        Director




Materia:  Conducta Profesional – La suspensión será efectiva el 8 de enero de 2018, fecha en que se le notificó por correo al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re:* | | |
| Justo Méndez Molina | TS-13,522 | |

**PER CURIAM**

En San Juan, Puerto Rico, a 5 de enero de 2018.

En esta ocasión suspendemos indefinidamente de la profesión a un abogado por no cumplir con las órdenes de este Tribunal y faltar a los requisitos del Programa de Educación Jurídica Continua (PEJC).

**I**

El Lcdo. Justo Méndez Molina fue admitido al ejercicio de la profesión de la abogacía en Puerto Rico el 30 de enero de 2001. Conforme surge del expediente, el **20 de enero de 2010** el PEJC remitió un *Aviso de Incumplimiento* al letrado concediéndole un término de sesenta días para cumplir con los créditos correspondientes al periodo 2007-2009 y para pagar la multa por cumplimiento tardío.[1] Ante el incumplimiento con esa orden, el 24 de mayo de 2012 el PEJC citó al

---

[1] *Informe sobre incumplimiento con requisito de educación jurídica continua,* Anejo A, pág. 7.

licenciado Méndez Molina a una vista informal a celebrarse el 15 de junio de 2012.[2] Aunque se le advirtió que en el caso de no comparecer la vista no sería reseñalada y el asunto sería remitido a la atención de este Tribunal, este último no contestó ni compareció ante el PEJC.

El 30 de julio de 2014 se notificó al letrado el informe del Oficial Examinador y la Determinación de la entonces Directora Ejecutiva del PEJC.[3] En esa ocasión se advirtió al licenciado Méndez Molina que la determinación se circunscribía al periodo 2007-2009, aunque también se encontraba en incumplimiento con el periodo 2009-2011 y 2011-2013.[4] Además, se le concedió otro término de treinta días para cumplir con los requisitos del PEJC. Se le advirtió que de mantenerse en incumplimiento y referirse el asunto a esta Curia, se nos informaría del incumplimiento de todos los periodos.[5]

Luego de la determinación de la Junta de Educación Jurídica Continua, el 15 de febrero de 2017 el asunto fue referido ante nuestra consideración mediante un *Informe*

---

[2] Íd., pág. 8.

[3] Íd., págs. 1-2.

[4] Sobre estos últimos periodos se le advirtió que podría ser citado a vista informal de continuar en incumplimiento. Íd., pág. 2.

[5] El PEJC señaló que, el día que fue notificado de la determinación de la entonces Directora de Educación Jurídica Continua, el letrado se comunicó vía telefónica con el personal del Programa. En la comunicación, entre otras cosas, éste indicó que no practicaba la profesión en Puerto Rico, que había hecho una maestría en Derecho en el 2006, que por estar admitido a la profesión de la abogacía en Texas cumplía con los requisitos de educación jurídica continua de esa jurisdicción. Así, informa el PEJC que le informó sobre la posibilidad de acreditar esos cursos y el procedimiento para solicitar el relevo y exoneración por la maestría que el letrado aducía haber realizado.

*sobre incumplimiento con requisito de educación jurídica continua*. Allí el Director Ejecutivo del PEJC nos informó del estado de incumplimiento subsistente del letrado con el programa.[6]

Así las cosas, el 28 de marzo de 2017 emitimos una *Resolución* en la que concedimos al licenciado Méndez Molina un término de veinte días para que compareciera ante esta Curia y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión. Ello, por incumplir con los requisitos del PEJC y por no comparecer cuando se le requirió. El 30 de mayo de 2017, en vista de que el letrado no respondió a nuestra resolución de 28 de marzo de 2017, emitimos una nueva *Resolución* en la que le concedimos un término adicional y **final** de diez días para comparecer y mostrar causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con el PEJC.

Transcurrido el término concedido al abogado sin que compareciera ante nos, pasamos a discutir los fundamentos por los cuales decretamos la suspensión del licenciado Méndez Molina.

---

[6] Además de lo mencionado, informó que el incumplimiento con el periodo de 2009-2011 y 2011-2013 habían sido notificados mediante un aviso de incumplimiento el 31 de enero de 2012 y el 17 de enero de 2014, respectivamente. No obstante, hizo la salvedad de que sobre estos dos periodos el licenciado Méndez Molina no había sido citado a una vista informal. Informó, además, que el historial de cursos reflejaba el incumplimiento de éste con el periodo de 2013-2016, pero que sobre este periodo no se había notificado incumplimiento.

## II

La educación jurídica continua es una exigencia que emana de nuestro poder para reglamentar la profesión legal. La misma tiene el propósito de que los abogados y abogadas ejerzan sus funciones de manera ética y con competencia y calidad. Por lo tanto, el abogado que incumple con estos requerimientos le falta el respeto a este Tribunal y atenta contra la ciudadanía en cuanto a la garantía que tiene de obtener servicios legales competentes que aseguren un acceso adecuado a la justicia.[7] Esto además incide en el deber que tiene todo abogado y abogada de mantener un alto grado de excelencia y competencia, según establecido en el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX.[8] Particularmente, el Canon 2 dispone que con el "fin de viabilizar el objetivo de representación legal adecuada para toda persona, el abogado […] debe realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Como consecuencia, en reiteradas ocasiones, este Tribunal se ha visto obligado a suspender indefinidamente a los abogados que desatienden los requerimientos del PEJC e incumplen

---

[7] Véase In re Piñeiro Vega, 188 DPR 77 (2013).

[8] In re Casale Villani, 2017 TSPR 100, 198 DPR ___ (2017). Véase In re Cepero Rivera et al., 193 DPR 1021 (2015).

con los créditos de educación jurídica continua requeridos.[9]

Por otra parte, el Canon 9 del Código de Ética Profesional, *supra*, impone a la clase togada el deber de observar una conducta que se caracterice por el mayor respeto. Esto conlleva el deber de "contestar con diligencia los requerimientos de este Tribunal y acatar nuestras órdenes".[10] Por ello, hemos expresado que todo abogado tiene la obligación de observar rigurosamente los requerimientos de este Tribunal.[11] El incumplimiento con esa obligación es altamente reprochable y puede acarrear la imposición de sanciones disciplinarias severas, incluyendo la suspensión inmediata de la profesión.[12] Como consecuencia, cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante los apercibimientos de sanciones disciplinarias, procede suspenderlo inmediatamente del ejercicio de la profesión.[13] En cuanto a esto hemos afirmado que

> [e]ste Tribunal no flaqueará en suspender a los togados que demuestren un reiterado incumplimiento con los términos finales y perentorios impuestos para cumplir con nuestras órdenes. El hecho de que esta Curia esté en

---

[9] In re Zambrana Ortiz, 2017 TSPR 111, 198 DPR ___ (2017). Véanse además: In re Arroyo Acosta, 192 DPR 848, 852 (2015); In re Rivera Trani, 188 DPR 454, 459-460 (2013).

[10] In re Zambrana Ortiz, *supra*.

[11] Véanse In re Cepero Rivera *et al.*, *supra*; In re Aponte Del Valle, 189 DPR 245, 249 (2013); In re Rivera Rosado, 180 DPR 698, 701 (2011); In re Morales Rodríguez, 179 DPR 766, 768 (2011).

[12] Íd.

[13] In re Feliciano Jiménez, 176 DPR 234, 235 (2009); In re Arzón Rivera, 175 DPR 763, 765 (2009).

disposición de conceder prórrogas para lograr el cumplimiento con nuestras órdenes, en aras de corregir deficiencias al ejercicio de la profesión legal, no impide nuestra función disciplinaria. Tampoco exonera al letrado de las consecuencias de las violaciones éticas en que incurra ante nuestro Foro. Bajo ningún concepto este Tribunal está vedado de auscultar si procede la suspensión de un miembro de nuestra profesión ante un trámite que demuestra un cúmulo de acciones dirigidas a dilatar y entorpecer los procedimientos en contravención al Canon 9 [de Ética Profesional].[14]

Finalmente, cabe mencionar que las obligaciones impuestas en el Canon 9 se extienden a los requerimientos de la Oficina del Procurador General, de la Oficina de Inspección de Notarías y del Programa de Educación Jurídica Continua.[15]

### III

El licenciado Méndez Molina fue notificado de su incumplimiento con el PEJC en enero de 2010. En el aviso sobre incumplimiento con el programa se le concedió un término de sesenta días para cumplir, entre otras cosas, con los créditos requeridos para el periodo 2007-2009. Posteriormente, el PEJC le otorgó otro término adicional con el mismo fin. A pesar de que se le notificó sobre el particular, no completó los créditos del PEJC. De hecho, tampoco compareció a la vista informal a la que fue citado para esos propósitos.

---

[14] In re Asencio Márquez, 183 DPR 659, 664 (2011).

[15] In re Montañez Melecio, 197 DPR 275 (2017).

El letrado se mantiene en patente falta con los créditos del PEJC, aun cuando el asunto se refirió a nuestra consideración. Así pues, incumplió reiteradamente con nuestras órdenes, tanto la emitida en la resolución de 28 de marzo de 2017, así como la orden contenida en la resolución de 30 de mayo de 2017.[16] Ciertamente la conducta indiferente del licenciado Méndez Molina se aparta sustancialmente de las exigencias del Canon 9 del Código de Ética Profesional, resulta impermisible y es suficiente para suspenderlo de la profesión.

## IV

Por los fundamentos que anteceden, *suspendemos indefinidamente de la práctica de la abogacía al Lcdo. Justo Méndez Molina. El Sr. Justo Méndez Molina deberá notificar a todos sus clientes su inhabilidad de seguir representándolos e informar inmediatamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico en donde tenga asuntos pendientes. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión per curiam y Sentencia.*

---

[16] Al presente se mantiene vigente la **exoneración por el pago de multas** por cumplimiento tardío con el PEJC. Véase *In re: Periodo de exoneración para el pago de multas por cumplimiento tardío establecidas al amparo del Reglamento del Programa de Educación Jurídica Continua,* 2017 TSPR 114, 198 DPR ___ (2017).

*Notifíquese esta Opinión per curiam y Sentencia al Sr. Justo Méndez Molina por correo certificado y correo electrónico, por encontrarse fuera de Puerto Rico.*

*Se dictará sentencia de conformidad.*

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re:* | | |
| Justo Méndez Molina | | TS-13,522 |

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de enero de 2018.

Por los fundamentos expuestos en la Opinión *per curiam* que antecede, los cuales se hacen formar parte de la presente Sentencia, suspendemos indefinidamente de la práctica de la abogacía al Lcdo. Justo Méndez Molina. El Sr. Justo Méndez Molina deberá notificar a todos sus clientes su inhabilidad de seguir representándolos e informar inmediatamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico en donde tenga asuntos pendientes. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión per curiam y Sentencia.

Notifíquese esta Opinión per curiam y Sentencia al Sr. Justo Méndez Molina por correo certificado y correo electrónico, por encontrarse fuera de Puerto Rico.

Lo acordó y manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez concurre y hace constar la expresión siguiente:

"El Juez Asociado señor Estrella Martínez concurre con el resultado al cual llega la Mayoría en este caso por los mismos fundamentos expuestos en sus expresiones emitidas en In re Reina Davis Pérez, res. 24 de octubre de 2017, 2017 TSPR 180. Si bien entiende que procede la suspensión inmediata e indefinida del Lcdo. Justo Méndez Molina de la práctica de la abogacía por

no cumplir con los requerimientos de este Tribunal, no está de acuerdo con que la suspensión se fundamente en parte en el incumplimiento del letrado con el Programa de Educación Jurídica Continua (PEJC). Ello debido a que actualmente está en vigor el periodo de exoneración para el pago de multas por cumplimiento tardío por incumplimiento con los requisitos del PEJC. Véase In re: Periodo de exoneración para el pago de multas por cumplimiento tardío establecidas al amparo del Reglamento del Programa de Educación Jurídica Continua, 16 de junio de 2017, 2017 TSPR 114. Por tanto, reafirma su posición en que los letrados podrían acogerse a los beneficios que confiere el periodo de exoneración, subsanando así cualquier incumplimiento que tenga ante el PEJC dentro del término concedido para ello, y evitando así tener que pagar las multas por incumpliendo tardío que adeude".

La Jueza Presidenta Oronoz Rodríguez y la Juez Asociada señora Rodríguez Rodríguez no intervinieron.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo