EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Vilma A. Cesani Rodríguez | 2018 TSPR 93<br><br>200 DPR ____ |
| --- | --- |

Número del Caso: TS-14,357

Fecha: 11 de mayo de 2018

Programa de Educación Jurídica Continua:

    Lcdo. José I. Campos Pérez
    Director

Materia: La suspensión será efectiva el 29 de mayo de 2018, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Vilma A. Cesani Rodríguez          TS-14,357

Conducta

Profesional

***PER CURIAM***

En San Juan, Puerto Rico, a 11 de mayo de 2018.

En esta ocasión, nos corresponde ejercer nuevamente nuestro poder disciplinario contra un miembro de la profesión jurídica por incumplir con los requisitos y requerimientos del Programa de Educación Jurídica Continua (PEJC o el Programa) y por no acatar las órdenes de este Tribunal. Por los fundamentos que enunciamos a continuación suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la práctica de la notaría a la Lcda. Vilma A. Cesani Rodríguez.

I

La Lcda. Vilma A. Cesani Rodríguez (licenciada Cesani Rodríguez) fue admitida al ejercicio de la

abogacía el 23 de enero de 2003 y prestó juramento como notaria el 21 de abril de 2005. El 20 de enero de 2010 se le envió a la licenciada Cesani Rodríguez un *Aviso de Incumplimiento* con el PEJC que informaba que el Programa no había podido generar un informe de cumplimiento ya que ésta no había completado el total de créditos requeridos por el *Reglamento del Programa de Educación Jurídica Continua,* según enmendado, 4 LPRA Ap. XVII-E, para el periodo del 1 de diciembre de 2007 al 30 de noviembre de 2009. En esa comunicación se le otorgó, entre otras alternativas, un término de sesenta días para tomar los cursos necesarios y pagar la multa correspondiente por cumplimiento tardío.

Transcurrido el término sin que la letrada efectuara lo requerido, el Director del PEJC la citó a una vista informal ante un Oficial Examinador a celebrarse el 15 de junio de 2012. La licenciada no compareció a la vista. El 30 de julio de 2014 se le notificó el *Informe del Oficial Examinador* y la determinación de la entonces Directora Ejecutiva del PEJC, la Hon. Geisa M. Marrero Martínez, sobre la vista informal que se celebró. El informe señaló que no compareció por escrito ni asistió a la vista informal señalada, por lo que el Oficial Examinador recomendó que se remitiera el asunto ante nos. Asimismo, se le advirtió a la licenciada Cesani Rodríguez que incumplir con su obligación de subsanar la insuficiencia de créditos y el pago de la multa conllevaría que se presentara su caso

ante la Junta de Educación Jurídica Continua para que, a su vez, ésta determine si el asunto debía referirse ante esta Curia. Del mismo modo, se le apercibió que podría referírsenos cualquier incumplimiento de periodos posteriores.

Ante la incomparecencia de la togada, el asunto se sometió a la Junta, quien ratificó el referido ante nos. Así las cosas, el 15 de febrero de 2017, el Lcdo. José Ignacio Campos Pérez, Director del PEJC, presentó un *Informe sobre incumplimiento con [el] requisito de educación jurídica continua* refiriendo el asunto a nuestra atención. En el informe manifestó que la letrada incumplió con los requisitos reglamentarios referentes a los períodos antes mencionados y con el pago de la multa por cumplimiento tardío correspondiente a ese periodo. Además, informó que ésta también tiene incumplidos los periodos del 1 de diciembre de 2009 al 30 de noviembre de 2011 y del 1 de diciembre de 2011 al 30 de noviembre de 2013, para los cuales se le notificó un *Aviso de Incumplimiento*. Surge del expediente que tampoco ha efectuado el pago de la multa correspondiente.[1] Asimismo, el Historial de Cursos Acreditados de la abogada refleja que para el periodo de 1

---

[1] Es menester señalar que la abogada no ha sido citada para una vista informal para estos periodos.

de diciembre de 2013 al 30 de noviembre de 2016 no tiene créditos acumulados.[2]

El 28 de marzo de 2017 emitimos una *Resolución* mediante la cual concedimos a la abogada un término de veinte días, contados a partir de la notificación, para que compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión por incumplir con los requisitos del PEJC y por no comparecer cuando le fue requerido. Debido a que la licenciada Cesani Rodríguez no contestó nuestra orden, el 30 de mayo de 2017, concedimos un término final de diez días con el mismo propósito. Esta resolución fue notificada personalmente. No obstante, la licenciada no ha comparecido ni ha dado cumplimiento con lo ordenado.

## II

Como parte de nuestro poder inherente de regular la profesión legal en Puerto Rico nos corresponde asegurar que los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones de manera responsable, competente y diligente. A tono con ello, el Código de Ética Profesional establece las normas mínimas de conducta que

---

[2] Cabe destacar, que para este periodo no se le ha notificado el *Aviso de incumplimiento* ni se le ha requerido el pago de la multa correspondiente.

deben desplegar los abogados y las abogadas que ejercen tan ilustre profesión.[3]

El ejercicio de la profesión jurídica requiere que todo abogado y toda abogada realice "esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional".[4] Con tal propósito, este Tribunal adoptó el *Reglamento de Educación Jurídica Continua*, 4 LPRA Ap. XVII-D, según enmendado, y el *Reglamento del Programa de Educación Jurídica Continua*, *supra*. A través del *Reglamento del Programa*, se les requiere a los miembros de la profesión legal cumplir con ciertas horas créditos en educación jurídica continua.

Acorde con lo anterior, los abogados y las abogadas deben tomar, por lo menos, veinticuatro horas crédito de educación jurídica continua en un periodo de tres años.[5] Ello, tiene el propósito de que toda persona que solicite sus servicios pueda contar con una representación legal adecuada. De manera que todo aquel togado que no completa veinticuatro horas crédito en un periodo de tres años incumple con el deber de educarse continuamente.[6] Por tal razón, nos hemos visto precisados a suspender a todo

---

[3] *In re Alejandro Zúñiga*, 198 DPR 504, 506 (2018); *In re Marín Serrano*, 197 DPR 535, 538 (2017); *In re Ducodray Acevedo*, 197 DPR 253, 257 (2017).

[4] Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX.

[5] Véase Regla 6 del Reglamento de Educación Jurídica Continua y la Regla 28 del Reglamento del PEJC.

[6] *In re Abreu Figueroa*, 2017 TSPR 126, 198 DPR __ (2017); *In re Casale Villani*, 2017 TSPR 100, 198 DPR __ (2017).

abogado y toda abogada que desatienda los requerimientos del PEJC sobre el cumplimiento con las horas crédito requeridas.[7]

Sabido es que la calidad de la justicia y la buena marcha de los procesos es responsabilidad de todo miembro de la profesión legal. Ese deber también incluye el realizar todas las gestiones propias y legales, observando particular y rigurosamente los requerimientos de este Tribunal. En lo pertinente, el Canon 9 del Código de Ética Profesional, específicamente, obliga al abogado a observar para con los tribunales una conducta que se caracterice por el mayor respeto.[8]

En ese sentido, los abogados y las abogadas tienen un deber ineludible de cumplir pronta y diligentemente las órdenes de éste y todos los tribunales, al igual que con los requerimientos de todas las entidades públicas que intervienen en los procesos disciplinarios.[9] Asumir una actitud de menosprecio e indiferencia a nuestras órdenes y los requerimientos de nuestros funcionarios y organismos denota una falta de respeto hacia nuestra autoridad y

---

[7] *Íd.*

[8] *In re Lee Navas*, 2017 TSPR 208, 198 DPR __ (2017); *In re Abreu Figueroa, supra*; *In re Mangual Acevedo*, 197 DPR 998, 1001 (2017); *In re Candelario Lajara I*, 197 DPR 722, 725 (2017); *In re Marín Serrano*, *supra*, pág. 539.

[9] *In re Alejandro Zúñiga, supra*; *In re Abreu Figueroa, supra*; *In re Pérez Rojas*, 195 DPR 571, 573 (2016).

constituye una violación al Canon 9.[10] Además, según hemos reiterado en múltiples ocasiones, ello constituye un serio agravio a la autoridad de los Tribunales y es suficiente para decretar su separación indefinida de la profesión.[11]

**III**

Del *Informe sobre Incumplimiento con [el] Requisito de Educación Jurídica Continua* emitido por el licenciado Campos Pérez se desprenden los esfuerzos realizados por el PEJC para requerirle a la licenciada Cesani Rodríguez el cumplimiento con los requisitos del PEJC. A pesar de todos esos esfuerzos y las oportunidades que éste concedió a la abogada, éstos resultaron infructuosos, razón por la cual tuvo que solicitar nuestra intervención. La letrada no compareció ante este Tribunal cuando le fue requerido ni acreditó su cumplimiento con los requisitos del PEJC.

Según se aprecia de lo antes relatado, la licenciada Cesani Rodríguez no completó los requisitos reglamentarios de educación jurídica continua durante cuatro periodos consecutivos. Además, no cumplió con los requerimientos del PEJC, no pagó las multas impuestas, ni compareció a los procedimientos que el Programa inició en aras de atender su incumplimiento.

---

[10] *In re Candelario Lajara I, supra,* págs. 725-726. Véase además, *In re Colón Collazo*, 196 DPR 239, 242 (2016); *In re Rodríguez Zayas*, 194 DPR 337, 341-342 (2015).

[11] *In re Abreu Figueroa, supra*; *In re Ducodray Acevedo, supra*, pág. 257; *In re Pastrana Silva*, 195 DPR 366, 369 (2016).

Somos del criterio que el hecho de no responder a los requerimientos de este Tribunal denota una conducta censurable para un miembro de esta profesión. Además, la actitud de indiferencia y dejadez es prueba de que ya no desea continuar ejerciendo la profesión legal. Por todo lo cual nos vemos precisados a ejercer nuestra facultad disciplinaria y suspenderla inmediata e indefinidamente de la práctica de la profesión.

## IV

En vista de lo anterior, suspendemos inmediata e indefinidamente a la licenciada Cesani Rodríguez de la profesión de la abogacía y el ejercicio de la notaría. Como consecuencia, deberá notificar de forma inmediata a todos sus clientes de su inhabilidad para continuar representándolos. De igual forma, se le ordena devolverles los expedientes de casos pendientes y cualquier cantidad recibida en honorarios por trabajos no realizados.

Asimismo, tiene la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Por último, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con todo lo anterior, en un término de treinta días contados a partir de la notificación de esta Opinión *per curiam* y *Sentencia*. No hacerlo pudiera conllevar a que no se le reinstale cuando lo solicite.

El Alguacil de este Tribunal deberá incautar inmediatamente la obra y sello notarial de la licenciada Cesani Rodríguez y los entregará al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal. Consecuentemente, su fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por la licenciada Cesani Rodríguez durante el periodo en que la misma estuvo vigente.

Notifíquese inmediatamente a la señora Cesani Rodríguez esta Opinión *per curiam* y *Sentencia*.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Vilma A. Cesani Rodríguez                TS-14,357

Conducta

Profesional

SENTENCIA

En San Juan, Puerto Rico, a 11 de mayo de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, suspendemos indefinidamente de la práctica de la abogacía y la notaría a la Lcda. Vilma A. Cesani Rodríguez.

Como consecuencia, deberá notificar de forma inmediata a todos sus clientes de su inhabilidad para continuar representándolos. De igual forma, se le ordena devolverles los expedientes de casos pendientes y cualquier cantidad recibida en honorarios por trabajos no realizados. Asimismo, tiene la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Por último, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con todo lo anterior, en un término de treinta días contados a partir de la notificación de esta Opinión per curiam y Sentencia. No hacerlo pudiera conllevar a que no se le reinstale cuando lo solicite.

El Alguacil de este Tribunal deberá incautar inmediatamente la obra y sello notarial de la

licenciada Cesani Rodríguez y los entregará al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal. Consecuentemente, su fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por la licenciada Cesani Rodríguez durante el periodo en que la misma estuvo vigente.

Notifíquese inmediatamente a la señora Cesani Rodríguez esta Opinión *per curiam* y Sentencia.

Lo pronunció y manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo