*In re* JESSICA M. CAMPOS BRISTOL, querellada.

*Número:* AB-2016-93          *Resuelto:* 12 de mayo de 2017

*Dionisio Benítez Rodríguez,* quejoso.

PER CURIAM: En vista de los antecedentes fácticos que se expondrán a continuación, nos vemos precisados a suspender inmediata e indefinidamente a un miembro de la profesión legal por no mantener actualizada su información personal en la base de datos del Registro Único de Abogados y Abogadas de Puerto Rico (RUA) y por desatender las órdenes emitidas por este Tribunal, a pesar de los apercibimientos de sanciones disciplinarias severas.

I

La Lcda. Jessica M. Campos Bristol fue admitida al ejercicio de la abogacía el 30 de enero de 2002 y a la práctica de la notaría el 27 de febrero del mismo año. Como resultado de una solicitud de cesación voluntaria al ejercicio del notariado, y tras los trámites de rigor, el 25 de marzo de 2014 dimos por terminada su fianza notarial.

El 18 de marzo de 2016 el Sr. Dionisio Benítez Rodríguez presentó una Queja contra la licenciada Campos Bristol y contra otra letrada. Conforme al procedimiento establecido en la Regla 14(c) del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B, el 30 de marzo de 2016 concedimos a la letrada un término de diez

días para que contestara la Queja.([1]) Puesto que el Servicio Postal de Estados Unidos (USPS, por sus siglas en inglés) devolvió dicha comunicación, el 22 de abril de 2016 se le remitió nuevamente.

Ante la incomparecencia de la letrada, el 25 de mayo de 2016 se le envió una *segunda notificación* a la dirección física que constaba en el RUA.([2]) En esta ocasión se le concedió un *término final* de diez días para responder a la Queja. En dicha misiva se le apercibió que, de no contestar en el término provisto, se referiría el asunto al Pleno del Tribunal Supremo para la acción correspondiente.

Transcurrido un tiempo en exceso al otorgado sin recibir reacción alguna por parte de la licenciada Campos Bristol, el 31 de octubre de 2016 emitimos una Resolución mediante la cual se le concedió a la togada un *término final e improrrogable* de cinco días para someter su contestación a la Queja. Se le apercibió que su incumplimiento podría conllevar sanciones disciplinarias severas, incluyendo su suspensión del ejercicio de la profesión legal. En consideración a que, como mencionamos, la correspondencia había sido devuelta por el USPS, se ordenó que la Resolución fuese notificada por correo certificado con acuse a la dirección física residencial que aparecía en el RUA. No obstante, dicha comunicación también fue devuelta.

Conforme a lo anterior y como gestión adicional, la Subsecretaria de este Tribunal intentó comunicarse con la licenciada Campos Bristol a los números de teléfono provistos en el RUA, pero todos se encontraban fuera de servicio.

---

([1]) Esta misiva fue enviada a la dirección postal de notificaciones que la Lcda. Jessica M. Campos Bristol tiene consignada en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA).

([2]) La dirección a la cual se le remitió la segunda notificación correspondía al estado de Texas. Según surge del RUA, la licenciada Campos Bristol actualizó su información de contacto para incluir dicha dirección el 8 de mayo de 2014.

Además, la otra letrada copromovida nos indicó que la licenciada Campos Bristol había cerrado las operaciones de su oficina legal en el 2012 y que tenía la impresión de que se encontraba residiendo en el estado de Texas. Véase la Contestación a la Queja y Solicitud de Desestimación, presentada por la letrada copromovida el 16 de mayo de 2016.

## II

Al iniciar la profesión legal, los abogados se comprometen a desempeñar con lealtad y fidelidad los deberes y las responsabilidades que les impone la ley y el Código de Ética Profesional. 4 LPRA Ap. IX. Dentro de dichos deberes se encuentra el consignado en el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, el cual prescribe que los togados deben exhibir una conducta de respeto hacia los tribunales. Ello conlleva cumplir con prontitud y diligencia las órdenes emitidas por los foros judiciales, más aún cuando éstas se originan dentro de un procedimiento disciplinario.[3] *In re Marín Serrano*, 197 DPR 535 (2017); *In re Montalvo Delgado*, 196 DPR 541 (2016); *In re Prado Galarza*, 195 DPR 894 (2016). Una actitud de indiferencia hacia los requerimientos de un tribunal contraviene los postulados consagrados en dicho canon y puede sujetar a los abogados a sanciones disciplinarias severas, como la suspensión del ejercicio de la profesión. *In re Abadía Muñoz et al.*, 197 DPR Ap. (2017); *In re Montalvo Delgado*, supra; *In re Torres Román*, 195 DPR 882 (2016). Esto es así, pues ignorar los pronunciamientos de un foro judicial constituye un desafío y un menosprecio a su autoridad. *In re Marín Serrano*, supra; *In re Montañez Melecio*, 197 DPR 275 (2017).

Por otro lado, el RUA contiene el nombre y apellido de todos los abogados autorizados a postular ante los tribunales de Puerto Rico, así como la información de contacto de éstos (números de teléfono y direcciones).[4] Para

---

[3] Cabe señalar que las obligaciones impuestas por el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, se extienden, además, a los requerimientos de la Oficina de la Procuradora General, de la Oficina de Inspección de Notarías y del Programa de Educación Jurídica Continua, así como a entidades con funciones que inciden en la fiscalización de la profesión legal. *In re Montañez Melecio*, 197 DPR 275 (2017).

[4] Véase Regla 9(j) del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B.

que exista una comunicación efectiva con los letrados y que éstos puedan responder con prontitud a las comunicaciones que reciban, la Regla 9(j) del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B, les impone la obligación de "mantener actualizados sus datos y realizar cualquier cambio en la información que consta en el Registro Único". Cumplir con esta exigencia propende, entre otras cosas, a que podamos ejercer eficazmente nuestra función reguladora del ejercicio de la abogacía en Puerto Rico. *In re Colón Collazo*, 196 DPR 239 (2016); *In re Colón Cordovés*, 195 DPR 543 (2016). Reiteradamente hemos advertido que el abogado que incumple con dicho mandato obstaculiza el ejercicio de nuestra jurisdicción disciplinaria, por lo que se expone a una suspensión inmediata e indefinida de la profesión legal. *In re Colón Collazo*, supra; *In re Baretty Torres*, 195 DPR 600 (2016); *In re Colón Cordovés*, supra.

### III

De los hechos relatados surge que no ha sido posible obtener una reacción de la licenciada Campos Bristol a la queja presentada por el señor Benítez Rodríguez. Ello, pues todas las comunicaciones remitidas por la Secretaría de este Tribunal, así como las Resoluciones emitidas por este Foro, fueron devueltas por el USPS. De igual modo, los intentos de comunicarnos con la licenciada Campos Bristol a los números telefónicos consignados en el RUA han resultado infructuosos. Como consecuencia, la licenciada Campos Bristol no ha acatado las órdenes emitidas por esta Curia, a pesar de los apercibimientos de sanciones disciplinarias.

Sin lugar a dudas, su conducta se ha distanciado de los estándares exigidos a los letrados en Puerto Rico, tanto al no actualizar su información de contacto en el RUA como al desatender los requerimientos de este Foro.

## IV

En conformidad con el derecho aplicable, así como por la conducta exhibida por la Lcda. Jessica M. Campos Bristol, *decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía. Le ordenamos notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, deberá acreditar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión "per curiam" y Sentencia. Notifíquese inmediatamente esta Opinión "per curiam" y Sentencia a la señora Campos Bristol mediante correo electrónico y, posteriormente, por correo certificado con acuse a su última dirección conocida.*

*Se dictará Sentencia de conformidad.*