EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Idalis Abreu Figueroa | 2017 TSPR 126<br><br>198 DPR ____ |

Número del Caso: TS-15,497

Fecha: 29 de junio de 2017

Abogado de la parte promovida:

      Por Derecho Propio

Programa de Educación Jurídica Continua:

      Lcdo. José Ignacio Campos Pérez
      Director

Materia: La suspensión será efectiva el 11 de julio de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Idalis Abreu Figueroa                    TS-15,497          Conducta
                                                            Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 29 de junio de 2017.

La Lcda. Idalis Abreu Figueroa (licenciada Abreu Figueroa) ha exhibido un comportamiento contrario a los Cánones 2 y 9 del Código de Ética Profesional, 4 LPRA Ap. IX (2012). Asimismo, ha incumplido con las disposiciones de los Reglamentos del Programa de Educación Jurídica Continua (PEJC), 4 LPRA Ap. XVII-D y XVII-E (2012 y Supl. 2016), y con la Regla 9(j) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B (2012). Por las razones que esbozamos a continuación, nos vemos forzados a decretar su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría.

I

La licenciada Abreu Figueroa fue admitida al ejercicio de la abogacía el 23 de agosto de 2005 y a

la práctica de la notaría el 6 de julio de 2006. El 24 de febrero de 2017 el Lcdo. José I. Campos Pérez, Director Ejecutivo del PEJC, nos sometió un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* (Informe), mediante el cual nos comunicó que la licenciada Abreu Figueroa no completó las horas crédito de educación jurídica continua para el periodo del 1 de marzo de 2008 al 28 de febrero de 2010. Relató que, el 12 de abril de 2010, se le envió a la letrada un Aviso de Incumplimiento, por medio del cual se le otorgó un término de sesenta (60) días para tomar los cursos adeudados y pagar una multa por cumplimiento tardío. Transcurrido un periodo prudente sin que la togada completara los requisitos reglamentarios, el 11 de octubre de 2013 se le citó a una vista informal a celebrarse el 30 de octubre de 2013. La citación fue enviada a la dirección que aparecía consignada en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA). No obstante, la misma fue devuelta por el servicio de correo postal. La licenciada Abreu Figueroa no compareció a la vista.

Así las cosas, el 30 de julio de 2014 se le notificó a la togada el *Informe* del Oficial Examinador y la determinación de la Directora del PEJC en torno a la vista.[1] Se le advirtió que, de no subsanar la insuficiencia de créditos y realizar el pago de la multa por cumplimiento tardío dentro de un plazo adicional de treinta (30) días, el asunto sería presentado ante la Junta de Educación Jurídica

---

[1] La notificación se hizo a través del correo electrónico que constaba en el Registro Único de Abogados y Abogadas de Puerto Rico.

Continua para que ésta determinara si sería remitido a este Foro. Se le apercibió, además, que de referirnos el caso por no haber completado los requisitos reglamentarios del periodo 2008-2010, se nos informaría de otros periodos posteriores incumplidos. La letrada no tomó los cursos antes mencionados, ni pagó la multa dentro del término otorgado, por lo que se remitió el asunto ante este Foro. En su comparecencia, el Director del PEJC nos alertó que la licenciada Abreu Figueroa tampoco cumplió con las horas crédito de los periodos del 1 de marzo de 2010 al 29 de febrero de 2012 y del 1 de marzo de 2012 al 28 de febrero de 2014 y no efectuó el pago de la multa por cumplimiento tardío.[2] Además, resaltó que la correspondencia que se envió a la dirección de notificaciones que la letrada registró en el RUA fue devuelta por el servicio de correo postal.

Examinado el Informe, el 28 de marzo de 2017 emitimos una Resolución mediante la cual le otorgamos a la letrada un término de veinte (20) días para que mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua y no comparecer ante el PEJC cuando le fue requerido. Dicha Resolución fue enviada a la dirección de notificaciones consignada en el RUA, pero llegó devuelta. Por dicha razón,

---

[2]     El Programa de Educación Jurídica Continua (PEJC) le notificó a la letrada los correspondientes Avisos de Incumplimiento para ambos periodos.

Además, para el 24 de febrero de 2017, día en que se presentó ante nos el *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua*, la Lcda. Idalis Abreu Figueroa (licenciada Abreu Figueroa) no había acumulado créditos para el periodo del 1 de marzo de 2014 al 28 de febrero de 2017. De una certificación emitida recientemente por la Oficina del PEJC surge que la licenciada Abreu Figueroa no completó los cursos de dicho periodo.

se encomendó la notificación personal de la Resolución a la Oficina del Alguacil de este Tribunal. La misma rindió un informe en el cual se detallaron los esfuerzos realizados para localizar a la letrada en tres (3) direcciones que surgían del RUA y de su Expediente Personal, así como a un número de teléfono, pero todas las gestiones resultaron infructuosas. Como último esfuerzo, remitimos la Resolución a otra dirección postal hallada en su expediente. Sin embargo, ésta también nos fue devuelta.

II

El Canon 2 del Código de Ética Profesional, *supra*, prescribe que todo abogado debe "mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Ello con el fin de que toda persona que solicite sus servicios pueda contar con una representación legal adecuada. Íd.

Acorde a lo anterior, los togados deben cumplir con los requisitos que establece el Reglamento de Educación Jurídica Continua, *supra,* y el Reglamento del PEJC, *supra*. La Regla 6 del Reglamento de Educación Jurídica Continua, *supra*, así como la Regla 28 del Reglamento del PEJC, *supra*, disponen que todo abogado activo debe tomar, por lo menos, veinticuatro (24) horas crédito de educación jurídica continua en un periodo de tres años.[3] La Regla 28 de este

---

[3] Es menester señalar que antes de las enmiendas introducidas por la Resolución ER-2015-03, 193 DPR 233 (2015), el periodo para tomar las veinticuatro (24) horas crédito era de dos (2) años.

último cuerpo legal dispone, además, que al finalizar cada periodo los letrados se deben asegurar que su cumplimiento está acreditado por el PEJC.

Por consiguiente, todo togado que no completa veinticuatro (24) horas crédito en un periodo de tres (3) años incumple con el deber de educarse continuamente, según preceptuado por el Canon 2. *In re Alessandrina Casale Villani*, 2017 TSPR 100, 198 DPR ___ (2017). Es por ello que reiteradamente nos hemos visto obligados a suspender a los abogados que no cumplen con los cursos requeridos y desatienden los requerimientos del PEJC. *In re Idalie Zayas Rivera*, 2017 TSPR 101, 198 DPR ___ (2017); *In re Alessandrina Casale Villani*, *supra*; *In re Vázquez Borrero*, 2017 TSPR 85, 198 DPR ___ (2017). "[L]a desidia y dejadez ante los requerimientos del PEJC, no solo constituye un gasto de recursos administrativos para el Programa, sino que también refleja una patente falta de compromiso con el deber de excelencia y competencia que impone el Canon 2 […]". *In re Genaro Rodríguez Gerena*, 2017 TSPR 40, 197 DPR ___ (2017).

Por otro lado, el RUA contiene la información de contacto (números de teléfono y direcciones) de todos los abogados autorizados a postular ante los tribunales de Puerto Rico.[4] Con miras a que exista una comunicación efectiva y que los letrados puedan responder con prontitud a las directrices que reciban, la Regla 9(j) del Reglamento del Tribunal Supremo de Puerto Rico, *supra*, le impone la

---

[4]      Véase la Regla 9(j) del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B (2012).

obligación de "mantener actualizados sus datos y realizar cualquier cambio en la información que consta en el Registro Único". Cumplir con dicha exigencia permite que podamos ejercer eficazmente nuestra función reguladora del ejercicio de la profesión de la abogacía en Puerto Rico. *In re* Colón Collazo, 2016 TSPR 184, 196 DPR ___ (2016); *In re* Colón Cordovés, 195 DPR 543 (2016). "Reiteradamente hemos advertido que el abogado que incumple con dicho mandato, obstaculiza el ejercicio de nuestra jurisdicción disciplinaria, por lo que se expone a una suspensión inmediata e indefinida de la profesión legal". *In re* Campos Bristol, 2017 TSPR 78, 198 DPR ___ (2017); *In re* Colón Collazo, *supra*; *In re* Baretty Torres, 195 DPR 600 (2016); *In re* Colón Cordovés, *supra*.

Por último, el Canon 9 del Código de Ética Profesional, *supra*, establece que los abogados deben exhibir una conducta de respeto hacia los tribunales. Ello supone el cumplimiento oportuno y diligente de las órdenes y requerimientos emitidos por los foros judiciales, en especial cuando los mismos se originan dentro de un procedimiento disciplinario. *In re* Mangual Acevedo, 2017 TSPR 66; 197 DPR ___ (2017); *In re* Marín Serrano, 2017 TSPR 34, 197 DPR ____ (2017); *In re* Montalvo Delgado, 2016 TSPR 223, 196 DPR ____ (2016); *In re* Prado Galarza, 195 DPR 894 (2016). Las obligaciones impuestas en dicho canon se extienden a los requerimientos de la Oficina del Procurador General, de la Oficina de Inspección de Notarías y del Programa de Educación Jurídica Continua. *In re* Montañez Melecio, 2017 TSPR 15, 197

DPR ___ (2017). Una actitud de indiferencia hacia las órdenes de un tribunal y los requerimientos de los entes antes mencionados va en contra de los principios consagrados en el Canon 9, por lo que puede conllevar la imposición de sanciones disciplinarias severas, como lo es la suspensión del ejercicio de la profesión. *In re* Abadía Muñoz *et al.*, 2017 TSPR 1, 197 DPR ___ (2017); *In re* Montalvo Delgado, *supra*; *In re* Torres Román, 195 DPR 882 (2016).

## III

Según se aprecia de lo antes relatado, la licenciada Abreu Figueroa no completó los requisitos reglamentarios de educación jurídica continua durante cuatro (4) periodos consecutivos. Además, no cumplió con los requerimientos del PEJC, no pagó las multas impuestas, ni compareció a los procedimientos que dicho Programa inició en aras de atender su incumplimiento. Es menester mencionar que, a pesar de que el PEJC utilizó la dirección postal y electrónica que surgía del RUA, algunos de los documentos que se le remitieron a su dirección postal llegaron devueltos. Una vez referido el asunto a este Tribunal se realizaron múltiples gestiones para tratar de localizar a la licenciada Abreu Figueroa, pero todas resultaron infructuosas. Así pues, la letrada tampoco acató la orden que emitimos el 28 de marzo de 2017 concediéndole un término para que mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión legal.

## IV

De conformidad con el derecho aplicable, así como por la conducta exhibida por la Lcda. Idalis Abreu Figueroa,

decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría.  En virtud de lo anterior, su fianza notarial queda automáticamente cancelada.[5]  Le ordenamos a la señora Abreu Figueroa notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente.  Además, deberá acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.  No hacerlo pudiera conllevar que no se le reinstale cuando lo solicite.

De otra parte, se le ordena al Alguacil de este Foro incautar inmediatamente la obra y el sello notarial de la señora Abreu Figueroa y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe.  Notifíquese inmediatamente esta Opinión *Per Curiam* y Sentencia a la señora Abreu Figueroa mediante correo electrónico y posteriormente vía correo certificado con acuse de recibo a su última dirección conocida.

Se dictará Sentencia de conformidad.

---

[5]    La fianza se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por la señora Abreu Figueroa durante el periodo en que la misma estuvo vigente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


*In re*:


Idalis Abreu Figueroa            TS-15,497        Conducta
                                                  Profesional



SENTENCIA

En San Juan, Puerto Rico a 29 de junio de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida de la Lcda. Idalis Abreu Figueroa del ejercicio de la abogacía y de la notaría. En virtud de lo anterior, su fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por la señora Abreu Figueroa durante el periodo en que la misma estuvo vigente.

La señora Abreu Figueroa deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Asimismo, deberá acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, contado a partir de la notificación de la Opinión *Per Curiam* que antecede y de esta Sentencia. No hacerlo pudiera conllevar que no se le reinstale cuando lo solicite.

De otra parte, se le ordena al Alguacil de este Foro incautar inmediatamente la obra y el sello notarial de la señora Abreu Figueroa y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe. Notifíquese inmediatamente la Opinión *Per Curiam* que antecede y esta Sentencia a la señora Abreu Figueroa mediante correo electrónico y posteriormente vía correo certificado con acuse de recibo a la última dirección conocida.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


                                        Juan Ernesto Dávila Rivera
                                     Secretario del Tribunal Supremo