EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Héctor M Cruz Ramírez | 2018 TSPR 133<br><br>200 DPR \_\_\_\_ |

Número del Caso:  TS-2,264

Fecha: 11 de julio de 2018

Abogado de la parte promovida:

Por derecho propio

Programa de Educación Jurídica Continua:

Lcdo. José Ignacio Campos Pérez
Director

Materia:  La suspensión será efectiva el 19 de julio de 2018, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| *In re:*<br><br>Héctor M. Cruz Ramírez | **Núm.** TS-2,264 |  |

*PER CURIAM*

San Juan, Puerto Rico, a 11 de julio de 2018.

En esta ocasión, nos corresponde nuevamente ordenar la suspensión inmediata e indefinida del ejercicio de la abogacía y la práctica de la notaría a un profesional del Derecho por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC) y con las órdenes de este Tribunal.

**I**

El Lcdo. Héctor M. Cruz Ramírez fue admitido a la profesión de la abogacía el 30 de septiembre de 1963 y a la notaría el 8 de julio de 1964.

El 9 de marzo de 2017, el Director Ejecutivo del PEJC, Lcdo. José I. Campos Pérez, presentó un Informe ante el pleno de este Tribunal mediante el cual nos comunicó que el licenciado Cruz Ramírez había incumplido con los requisitos del PEJC durante el periodo del 1 de abril de 2009 al 31 de marzo de 2011. A raíz de esto, el 24 de mayo de 2011, se le envió al letrado un *Aviso de Incumplimiento* otorgándole sesenta (60) días, entre varias alternativas, para tomar los cursos correspondientes y pagar la multa por cumplimiento tardío, conforme a la Regla 30(C) del *Reglamento del Programa*

*de Educación Jurídica Continua*, 4 L.P.R.A. Ap. XVII-E. Transcurrido el periodo para cumplir con lo ordenado, el PEJC citó al licenciado Cruz Ramírez a una vista informal ante un Oficial Examinador. El 29 de enero de 2014, se celebró la vista y el letrado compareció e informó que, por razón de ciertas dificultades económicas y circunstancias delicadas de salud, su práctica profesional había disminuido. De otra parte, sostuvo que contemplaba la baja voluntaria y que tenía el compromiso e interés de cumplir con los requisitos del PEJC. No obstante, el Director del PEJC aludió en su Informe al hecho de que del expediente no surge que durante la vista el licenciado Cruz Ramírez hubiese presentado prueba documental sobre dichos planteamientos. Por último, durante la vista, el letrado suscribió una prórroga mediante la cual se comprometió a cumplir con la deficiencia de créditos del periodo 2009-2011 dentro de un término de treinta (30) días.

El 31 de diciembre de 2015, se le notificó al licenciado Cruz Ramírez sobre el Informe del Oficial Examinador y la determinación de la entonces Directora Ejecutiva del PEJC, la Hon. Geisa M. Marrero Martínez, en torno a este asunto. En síntesis, se le apercibió al licenciado Cruz Ramírez que, de no cumplir con la prórroga acordada y el pago de la multa correspondiente, su caso podría ser referido al pleno de este Tribunal. Así las cosas, el 22 de septiembre de 2016 se encomendó al Director del PECJ presentar el informe antes discutido. Además de informarnos que el letrado no había cumplido con los créditos del periodo 2009-2011 ni pagado la

multa por cumplimiento tardío, destacó que el licenciado Cruz Ramírez tampoco había cumplido con los requisitos de crédito para los periodos de abril 2011 a marzo 2013 y abril 2013 a marzo 2015. Estos incumplimientos fueron notificados mediante *Aviso de Incumplimiento* el 23 de mayo de 2013 y el 26 de mayo de 2015, respectivamente.

Tras examinar el *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* presentado por el Director del PEJC, el 18 de mayo de 2017, este Tribunal emitió una *Resolución* mediante la cual le concedimos veinte (20) días al licenciado Cruz Ramírez para que compareciera y mostrara causa por la cual no debía ser suspendido de la abogacía por incumplir con los requisitos del PEJC. El letrado no contestó nuestra *Resolución* y, el 7 de agosto de 2017, mediante *Resolución*, le concedimos un término final de diez (10) días para comparecer y mostrar causa por cual no debía ser suspendido de la profesión legal tras desatender nuestras órdenes.

Luego de corroborar con la oficina del PEJC, y a pesar del tiempo transcurrido desde nuestra última *Resolución*, al día de hoy el licenciado Cruz Ramírez aún no ha cumplido con los requisitos del PEJC y no ha comparecido, según lo requerido por las órdenes de este Tribunal.

## II.

Este Tribunal tiene la responsabilidad, como parte de su poder inherente para regular la profesión legal en Puerto Rico, de asegurar que los miembros admitidos al ejercicio de

la abogacía y la notaría desplieguen sus funciones de manera responsable, competente y diligente. En este sentido, todo abogado y toda abogada debe realizar "esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Canon 2 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Con tal propósito, este Tribunal adoptó el *Reglamento de Educación Jurídica Continua*, 4 L.P.R.A. Ap. XVII-D, según enmendado, y el *Reglamento del PEJC*, supra. A través de este último Reglamento, se requiere a los miembros de la profesión legal cumplir con ciertas horas crédito de educación jurídica continua.

A tenor con esto, los letrados y letradas del País deben tomar, por lo menos, veinticuatro (24) horas crédito de educación jurídica continua en un periodo de tres (3) años. Véase Regla 6 del *Reglamento de Educación Jurídica Continua*, supra, y la Regla 28 del *Reglamento del PEJC*, supra. Esto tiene el propósito de que toda persona que solicite los servicios de un profesional del derecho pueda contar con una representación legal adecuada. De manera que todo aquel togado y togada que no complete dichas horas crédito en el periodo establecido incumple con el deber de educarse continuamente. Véase *In re Vilma A. Cesani Rodríguez*, 2018 TSPR 93, 200 D.P.R. ___ (2018); *In re Abreu Figueroa*, 2017 TSPR 126, 198 D.P.R. ___ (2017). Por todo lo cual, nos hemos visto precisados, en numerosas ocasiones, a suspender a todo abogado

y abogada que desatienda los requerimientos del PEJC sobre el cumplimiento con las horas crédito requeridas. *Id.*

De igual forma, en nuestro ordenamiento jurídico el Canon 9 del Código de Ética Profesional obliga a la clase togada a observar para con los tribunales una conducta que se caracterice por el mayor respeto. *Id.* Véase además *In re Rogelio Canales Pacheco*, 2018 TSPR 200, 200 D.P.R. ___ (2018); *In re Lee Navas*, 2017 TSPR 208, 198 D.P.R. ___ (2017); *In re Mangual Acevedo*, 197 D.P.R. 998 (2017). Es decir, los letrados y letradas del País tienen el deber ineludible de cumplir pronta y diligentemente las órdenes de éste y todos los tribunales, al igual que atender los requerimientos de todas las entidades públicas que intervienen en los procesos disciplinarios. Véase *In re Alejandro Zúñiga*, 198 D.P.R. 504, 506 (2018). Asumir una actitud de menosprecio e indiferencia a nuestras órdenes y los requerimientos de nuestros funcionarios y organismos constituye una violación al Canon 9. Véase *In re Candelario Lajara I*, 197 D.P.R. 722, 725 (2017). Asimismo, hemos reiterado en múltiples ocasiones que ello constituye un serio agravio a la autoridad de los tribunales; el cual podría ser suficiente para decretar la separación indefinida de la profesión legal. Véase *In re Rogelio Canales Pacheco*, supra; *In re Abreu Figueroa*, supra.

**III.**

Del historial disciplinario aquí reseñado, surgen los esfuerzos realizados por el PEJC para requerir al licenciado Cruz Ramírez el cumplimiento con sus Reglamentos. A pesar de ello, y de todo el tiempo transcurrido desde nuestra última *Resolución*, el licenciado Cruz Ramírez incumplió con los requisitos reglamentarios de educación jurídica continua durante el periodo señalado en el Informe del Director del PEJC, con los requisitos de los dos (2) periodos siguientes, así como con el pago de las multas impuestas. Sin lugar a duda, el letrado ha tenido tiempo suficiente para hacer las gestiones necesarias en aras de cumplir con nuestras órdenes y los requisitos del PEJC.

La conducta de indiferencia y dejadez desplegada por el licenciado Cruz Ramírez hacia dichas órdenes constituye una violación al Canon 9 del Código de Ética Profesional. Véase *In re Rogelio Canales Pacheco*, supra. Por todo lo cual, procede su suspensión inmediata del ejercicio de la abogacía y práctica de la notaría.

**IV.**

En atención a lo anterior, se ordena la suspensión inmediata e indefinida del ejercicio de la abogacía y de la práctica de la notaría del licenciado Cruz Ramírez. Se le impone a éste el deber de notificar a sus clientes sobre su inhabilidad de continuar representándolos, devolver los honorarios por los trabajos no realizados e informar inmediatamente de su suspensión a cualquier foro judicial y

administrativo en el que tenga casos pendientes. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar inmediatamente la obra y sello notarial del licenciado Cruz Ramírez y los entregará al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal. Consecuentemente, su fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por el licenciado Cruz Ramírez durante el periodo en que la misma estuvo vigente.

Notifíquese inmediatamente, por vía electrónica, telefónica y en persona, al señor Cruz Ramírez de esta Opinión y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Héctor M. Cruz Ramírez                    **Núm.** TS-2,264


SENTENCIA

San Juan, Puerto Rico, a 11 de julio de 2018

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida del ejercicio de la abogacía y de la práctica de la notaría del Lcdo. Héctor M. Cruz Ramírez. En caso de que éste se encuentre representando clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a estos sobre su inhabilidad de continuar representándolos, devolver los honorarios por los trabajos no realizados e informar inmediatamente de su respectiva suspensión a cualquier foro judicial y administrativo en el que tenga casos pendientes. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar inmediatamente la obra y sello notarial del licenciado Cruz Ramírez y los entregará al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal. Consecuentemente, su fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el licenciado Cruz Ramírez durante el periodo en que la misma estuvo vigente.

Notifíquese inmediatamente por vía electrónica, telefónica y en persona, al señor Cruz Ramírez de esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez, la Jueza Asociada señora Pabón Charneco y los Jueces Asociados señor Kolthoff Caraballo y señor Colón Pérez no intervinieron.

Publíquese.


                              Juan Ernesto Dávila Rivera
                              Secretario del Tribunal Supremo