EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Carlos L. Archevald Mantilla | 2020 TSPR 98<br><br>205 DPR \_\_\_\_\_ |

Número del Caso:  TS-10,467


Fecha:  8 de septiembre de 2020


Lcdo. Carlos L. Archevald Mantilla:

    Por derecho propio



Programa de Educación Jurídica Continua:

    Lcda. María Cecilia Molinelli González
    Directora Ejecutiva




Materia:  La suspensión será efectiva 10 de septiembre de 2020, fecha en que se le notificó al abogado de su suspensión inmediata.



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos L. Archevald Mantilla                TS-10,467

*PER CURIAM*

En San Juan, Puerto Rico, a 8 de septiembre de 2020.

Nos corresponde ejercer nuevamente nuestra facultad disciplinaria contra un miembro de la profesión jurídica por incumplir con los requerimientos del Programa de Educación Jurídica Continua (PEJC) y por no acatar nuestras órdenes. Por los fundamentos que enunciamos a continuación, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y de la práctica notarial al Lcdo. Carlos L. Archevald Mantilla.

I.

El licenciado Carlos L. Archevald Mantilla fue admitido al ejercicio de la abogacía el 30 de junio de 1993 y prestó juramento como notario el 5 de mayo de 1995. El 12 de abril de 2019 la Directora Ejecutiva del PEJC, Lcda. María C. Molinelli González, nos presentó un Informe sobre

incumplimiento con el *requisito de educación jurídica continua*. En este, nos refirió al licenciado Archevald Mantilla por su incumplimiento con los requisitos de educación continua para el periodo del 1 de agosto de 2013 al 31 de julio de 2016.[1] A raíz de ese informe, el 28 de mayo de 2019 emitimos una Resolución en la que le concedimos veinte (20) días para que el letrado compareciera ante nosotros y nos mostrara causa por la cual no debíamos suspenderlo del ejercicio de la profesión por incumplir con los requisitos del PEJC. Según consta en su expediente, esta fue notificada el 31 de mayo de 2019 a la cuenta del Registro Único de Abogados (RUA) del letrado y al correo electrónico que surge de su cuenta.

Pendiente ese asunto, el periodo de educación continua de 1 de agosto de 2016 al 31 de julio de 2019 concluyó sin que el letrado completara las horas crédito requeridas para ese término. A esa fecha, el letrado tampoco había comparecido ante nosotros según le ordenamos mediante la Resolución del 28 de mayo de 2019. Por lo tanto, el 14 de agosto de 2019 emitimos una segunda Resolución, notificada el 16 de agosto de 2019, en la que le concedimos diez (10) días para que nos mostrara causa por la cual no debía ser suspendido de la profesión por desatender nuestra orden del 28 de mayo de 2019 y por incumplir con los requisitos de educación jurídica continua.

---

[1] Según el Informe, el licenciado Archevald Mantilla también adeudaba $150.00 en multas que le impuso el PEJC.

El 26 de agosto de 2019, el licenciado Archevald Mantilla compareció a través de una *Moción en cumplimiento de orden*. Nos indicó que no se percató de la orden que emitimos el 28 de mayo de 2020 pues durante esos días se encontraba celebrando unos acontecimientos familiares. Adujo que advino en conocimiento de la existencia de nuestra primera orden cuando recibió la notificación de la segunda Resolución, entiéndase el 16 de agosto de 2019. Indicó que el 17 de octubre de 2016 recibió un aviso de incumplimiento de la Directora Ejecutiva del PEJC en la que se le concedieron sesenta (60) días para cumplir con los créditos correspondientes al periodo del 1 de agosto de 2013 al 31 de julio de 2016. Explicó que durante ese término tomó un total de veinticinco (25) créditos de educación continua y que su creencia en ese entonces era que había cumplido con su obligación. Sobre el periodo del 1 de agosto de 2016 al 31 de julio de 2019, indicó que su práctica profesional había sufrido una merma significativa y que sus ingresos se afectaron sustancialmente, al nivel de que su residencia estaba en un proceso de ejecución ante el Tribunal de Primera Instancia. Añadió que participó de dos cursos durante ese verano y que se proponía pedirle a su hermana un préstamo para cubrir los costos de los créditos que le faltaban. Por último, solicitó un término final de sesenta (60) días para completar los créditos pendientes y satisfacer el pago de lo adeudado.

Acorde con lo que nos solicitó, el 26 de septiembre de 2019 emitimos una Resolución en la que le concedimos un término **final e improrrogable** de sesenta (60) días para que el letrado cumpliera con **todos** los cursos que le faltaran por tomar y que presentara la certificación de cumplimiento emitida por el PEJC. Se le apercibió que su incumplimiento podría conllevar sanciones severas, incluyendo la suspensión del ejercicio de la profesión. La Resolución se notificó ese mismo día a través de la cuenta RUA del cuenta RUA del letrado y a su correo electrónico.[2]

Transcurrido el término que le concedimos para cumplir sin que el letrado compareciera ante nosotros, el 7 de febrero de 2020 la Directora Ejecutiva del PEJC nos refirió una Certificación. De esta se desprende que el letrado no ha cumplido con el periodo del 1 de agosto de 2016 al 31 de julio de 2019.[3] El licenciado Archevald Mantilla no ha comparecido ante este Tribunal desde la Resolución que emitimos el 26 de septiembre de 2019.

**II.**

---

[2] Adicionalmente, el PEJC emitió el 18 de octubre de 2019 un *Aviso de Incumplimiento* en el que recalcó el incumplimiento del letrado con los créditos requeridos para el periodo del 1 de agosto de 2016 al 31 de julio de 2019.

[3] Aunque nunca nos presentó una certificación de cumplimiento, según le ordenamos, de la Certificación que nos hizo llegar la Lcda. Molinelli González se desprende que, a esa fecha, el letrado cumplió con los créditos de educación continua correspondientes al periodo del 1 de agosto de 2013 al 31 de julio de 2016. Se desprende además que al letrado se le impuso una multa de $50.00 por el cumplimiento tardío de los créditos para el periodo del 1 de agosto de 2011 al 31 de julio de 2013. El letrado aún no ha satisfecho esa multa. Además, el letrado aún adeuda $150.00 en multas por razón de su incumplimiento con el periodo del 1 de agosto de 2016 al 31 de julio de 2019.

Este Tribunal tiene el poder inherente de regular la profesión legal en Puerto Rico. En consecuencia, recae en nosotros el deber de asegurarnos de que los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones de manera responsable, competente y diligente. In re Santiago Méndez, 201 DPR 436, 442 (2018); In re Marín Serrano, 197 DPR 535, 539 (2017). Conforme a ello, el Código de Ética Profesional, 4 LPRA Ap. IX, constituye el cuerpo de normas mínimas que rige los principios éticos y la conducta que deben desplegar los profesionales del derecho que ejercen nuestra profesión.

En el ejercicio de la profesión jurídica todo abogado y abogada tiene el deber de realizar "esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Código de Ética Profesional, 4 LPRA Ap. IX, C. 2. Con ese objetivo, este Tribunal adoptó el Reglamento de Educación Jurídica Continua, 4 LPRA Ap. XVII-D, según enmendado, y el Reglamento del Programa de Educación Jurídica Continua, 4 LPRA Ap. XVII-F, según enmendado (Reglamento del Programa). A través de este último, se les requiere a los miembros de la profesión legal cumplir con ciertas horas créditos en educación jurídica continua. Específicamente, los abogados y las abogadas deben tomar, por lo menos, veinticuatro (24) horas crédito de educación jurídica continua en un periodo de tres (3) años. Véase Regla 6 del Reglamento de Educación

Jurídica Continua, 4 LPRA Ap. XVII-F, R.6; véase además Regla 28 del Reglamento del Programa, 4 LPRA Ap. XVII-F, R.28. Ello con el propósito de que toda persona que solicite sus servicios pueda contar con una representación legal adecuada.

Los abogados y abogadas que no completan la cantidad de horas crédito requeridas en un periodo de tres (3) años incumplen con el deber de educarse continuamente. In re Abreu Figueroa, 198 DPR 532, 537 (2017). Adicionalmente, la Regla 28 del Reglamento del Programa, supra, dispone que, al finalizar cada periodo, los abogados deben asegurar que el PEJC acredite su cumplimiento. El incumplir y desatender estos requerimientos podría conllevar la imposición de sanciones disciplinarias severas, incluyendo la suspensión inmediata de la profesión. Regla 28 del Reglamento del Programa, supra; In re Abreu Figueroa, supra; véase además In re López González et al., 193 DPR 1021 (2015).

Por otro lado, hemos reiterado que los abogados y abogadas tienen un deber ineludible de cumplir pronta y diligentemente con las órdenes que emite este y todos los tribunales, al igual que con los requerimientos de todas las entidades públicas que intervienen en los procesos disciplinarios. In re Alejandro Zúñiga, 198 DPR 504, 506 (2017). En lo pertinente, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C.9, le impone a todo miembro de la profesión jurídica el deber de observar para los

tribunales una conducta que se caracterice por el mayor respeto. In re López Méndez, 196 DPR 956, 960-961 (2016). Aquellos letrados que ignoren o desatiendan las órdenes que emitimos, incurren en una afrenta a nuestra autoridad, lo que constituye una infracción al Canon 9 del Código de Ética Profesional, supra. Conforme a lo anterior, hemos reiterado que ese comportamiento constituye un agravio serio a la autoridad de los tribunales, suficiente para decretar su separación indefinida de la profesión. In re López Pérez, 201 DPR 123, 126 (2018).

## III.

Al evaluar el expediente del licenciado Archevald Mantilla, consta de una Certificación del PEJC en su expediente que se emitió el 30 de junio de 2020 que el letrado continúa en incumplimiento con el periodo de educación continua del 1 de agosto de 2016 al 31 de julio de 2019. Esto después de haber sido advertido tanto por el PEJC como por esta Curia de las consecuencias de su incumplimiento con los requisitos aludidos y con las órdenes de este Tribunal. Además, adeuda $200.00 en multas con el PEJC. El letrado tampoco ha comparecido ante nosotros, según le ordenamos, desde la Resolución que emitimos el 26 de septiembre de 2019.

Como hemos reiterado, la desatención y el incumplimiento con nuestras órdenes denota una actitud de menosprecio e indiferencia hacia nuestra autoridad. Ello constituye una

violación al Canon 9 del Código de Ética Profesional, supra, fundamento suficiente para decretar la separación indefinida de la profesión. Lo anterior se extiende a los requerimientos que realice la Oficina del Procurador General, la Oficina de Inspección de Notarias y el PEJC. In re López Pérez, supra, pág. 126; In re Arocho Cruz, 200 DPR 352 (2018). Al incumplir con nuestras órdenes y con los requerimientos del PEJC, el licenciado Archevald Mantilla infringió el Canon 9 del Código de Ética Profesional, supra.

## IV.

Por las razones expuestas, se ordena la suspensión inmediata e indefinida del licenciado Carlos L. Archevald Mantilla de la práctica de la abogacía y la notaría. Se le impone el deber de notificar inmediatamente a todos sus clientes su inhabilidad para continuar representándolos. Igualmente, se le ordena devolverles los expedientes de cualquier caso atendido o pendiente de resolución, así como cualquier cantidad recibida en honorarios por trabajos no realizados. Además, deberá informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente.

Se le impone la obligación de acreditar ante este Tribunal el cumplimiento con lo aquí ordenado, en un término de treinta (30) días desde la notificación de esta Opinión Per Curiam y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del Sr. Carlos L. Archevald Mantilla y entregarlos al Director de la Oficina de Inspección de Notarías para la investigación e informe correspondiente. Además, en virtud de esta suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que esta estuvo vigente.

Notifíquese por correo electrónico y por la vía telefónica esta Opinión *Per Curiam* y Sentencia al licenciado Archevald Mantilla.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos L. Archevald Mantilla

TS-10,467

SENTENCIA

En San Juan, Puerto Rico, a 8 de septiembre de 2020.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se decreta la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría del licenciado Carlos L. Archevald Mantilla. Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Deberá además informar inmediatamente de su suspensión a los foros judiciales y administrativos en que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo anterior en el término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiere conllevar que no se le reinstale cuando lo solicite.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del licenciado Archevald Mantilla y entregarlos al Director de la ODIN para la investigación e informe correspondiente. Además, en virtud de esta suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada.

Asimismo, la fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que esta estuvo vigente.

Notifíquese por correo electrónico y por la vía telefónica esta Opinión *Per Curiam* y Sentencia al licenciado Archevald Mantilla.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo