EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re:<br><br><br>José F. Torres Acevedo | 2020 TSPR 108<br><br>205 DPR \_\_\_\_\_ |

Número del Caso: TS-13,214


Fecha: 10 de septiembre de 2020


Sr. José F. Torres Acevedo:

    Por derecho propio


Programa de Educación Jurídica Continua:

    Lcda. María C. Molinelly González
    Directora


Materia: La suspensión será efectiva el 17 de septiembre de 2020, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José F. Torres Acevedo                TS-13,214


PER CURIAM

En San Juan, Puerto Rico, a 10 de septiembre de 2020.

Nuevamente debemos ejercer nuestra facultad disciplinaria para suspender inmediata e indefinidamente de la práctica de la abogacía y la notaría a un miembro de la profesión legal. Lo anterior por incumplir con las órdenes de este Tribunal y con los requisitos del Programa de Educación Jurídica Continua (PEJC).

**I.**

El Lcdo. José F. Torres Acevedo fue admitido al ejercicio de la abogacía el 25 de enero de 2000 y prestó juramento como notario el 23 de febrero de 2000. A raíz de unos señalamientos previos por incumplimiento con el PEJC, advenimos en conocimiento de que el

letrado no había cumplido con los requisitos del PEJC para el periodo del 1 de agosto de 2016 al 31 de julio de 2019.[1] Ante ello, el 12 de agosto de 2019 emitimos una Resolución en la que le concedimos un término de treinta (30) días para cumplir con todos los requerimientos del PEJC y presentar la certificación correspondiente que acreditara su cumplimiento.[2] En el expediente del letrado no consta que este haya comparecido ante nosotros en respuesta a esa orden.

A solicitud nuestra, el 15 de noviembre de 2019 recibimos una Certificación del PEJC en la que se acreditó que el letrado cumplió con el periodo de educación continua del 1 de agosto de 2013 al 31 de julio de 2016. Sin embargo, a esa fecha, el letrado aún incumplía con el periodo del 1 de agosto de 2016 al 31 de julio de 2019. En consecuencia, el 11 de diciembre del 2019 emitimos una segunda Resolución —que se notificó el 12 de diciembre de 2019— en la que le concedimos al licenciado Torres Acevedo

---

[1] El 13 de diciembre de 2018 la Lcda. María C. Molinelli González, Directora Ejecutiva del Programa de Educación Jurídica Continua (PEJC), refirió a nuestra atención un *Informe sobre incumplimiento con el requisito de Educación Jurídica Continua*. En este señaló que el licenciado Torres Acevedo incumplió con los requisitos del PEJC para el periodo del 1 de agosto de 2013 al 31 de julio de 2016. A raíz de ese informe, emitimos varias Resoluciones en las que le ordenamos al licenciado satisfacer los requisitos del PEJC y acreditarnos su cumplimiento. Finalmente, el 24 de junio de 2019 el licenciado Torres Acevedo nos informó en su *Moción para mostrar causa* que cumplió con los requisitos de educación continua para el periodo de 2013 al 2016. Además, nos solicitó tiempo adicional para presentar la Certificación correspondiente. En ese ínterin, venció —sin cumplimentarse— el periodo de educación continua del 1 de agosto de 2016 al 31 de julio de 2019.

[2] Adicionalmente, el 18 de octubre de 2019 el PEJC emitió un *Aviso de Incumplimiento* en el que notificó al licenciado Torres Acevedo su incumplimiento con los requisitos del PEJC para el periodo del 1 de agosto de 2016 al 31 de julio de 2019.

un término final e improrrogable de veinte (20) días para que cumpliera con todos los cursos que le faltara tomar para el periodo del 1 de agosto de 2016 al 31 de julio de 2019 y nos presentara la certificación de cumplimiento correspondiente. En la Resolución le advertimos al letrado que su incumplimiento podría conllevar la imposición de sanciones severas, incluyendo suspenderlo del ejercicio de la profesión. El letrado tampoco compareció para responder a esa Resolución.

## II.

Este Tribunal tiene el poder inherente de regular la profesión legal en Puerto Rico. Al amparo de ese poder tiene el deber de asegurarse de que los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones de manera responsable, competente y diligente. In re Santiago Méndez, 201 DPR 436, 442 (2018); In re Marín Serrano, 197 DPR 535, 539 (2017).

En el ejercicio de la profesión jurídica todo abogado y abogada tiene el deber de realizar "esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Código de Ética Profesional, 4 LPRA Ap. IX, C. 2. Con el objetivo de que se cumpla tal deber, este Tribunal adoptó el Reglamento de Educación Jurídica Continua, 4 LPRA Ap. XVII-D, según enmendado, y el Reglamento del Programa de

Educación Jurídica Continua, 4 LPRA Ap. XVII-F, según enmendado (Reglamento del Programa). Este último requiere a los miembros de la profesión legal cumplir con veinticuatro (24) horas crédito de educación jurídica continua en un periodo de tres (3) años. Véase Regla 6 del Reglamento de Educación Jurídica Continua, 4 LPRA Ap. XVII-F, R.6; véase además Regla 28 del Reglamento del Programa, 4 LPRA Ap. XVII-F, R.28.

Los abogados y abogadas que no completan la cantidad de horas crédito requeridas en un periodo de tres (3) años incumplen con el deber de educarse continuamente. In re Abreu Figueroa, 198 DPR 532, 537 (2017). Además, la Regla 28 del Reglamento del Programa, supra, dispone que, al finalizar cada periodo, los abogados se deben asegurar que el PEJC acredite su cumplimiento. El incumplir y desatender estos requerimientos podría conllevar la imposición de sanciones disciplinarias severas, incluyendo la suspensión inmediata de la profesión. Regla 28 del Reglamento del Programa, supra; In re Abreu Figueroa, supra; véase además In re López González et al., 193 DPR 1021 (2015).

Por otro lado, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C.9, impone a todos los miembros de la profesión jurídica el deber de observar para los tribunales una conducta que se caracterice por el mayor respeto. In re López Méndez, 196 DPR 956, 960-961 (2016). Cónsono con esa directriz, hemos reiterado que los abogados

y abogadas tienen un deber ineludible de cumplir pronta y diligentemente con las órdenes que emite este y todos los tribunales. Esto incluye cumplir con los requerimientos de la Oficina del Procurador General, la Oficina de Inspección de Notarias y el PEJC. In re López Pérez, supra, pág. 126; In re Arocho Cruz, 200 DPR 352 (2018). Aquellos letrados que ignoren o desatiendan las órdenes que emitimos incurren en una afrenta a nuestra autoridad, lo que constituye una infracción al Canon 9 del Código de Ética Profesional, supra. Conforme a lo anterior, hemos reiterado que ese comportamiento constituye un agravio serio a la autoridad de los tribunales, suficiente para decretar su separación indefinida de la profesión. In re López Pérez, 201 DPR 123, 126 (2018).

### III.

En el expediente del licenciado Torres Acevedo consta una Certificación del PEJC que se emitió el 26 de junio de 2020 de la cual surge que el letrado aún no ha cumplido con el periodo de educación jurídica continua para el periodo de 1 de agosto de 2016 al 31 de julio de 2019. Esto después de que tanto el PEJC como esta Curia le advirtieran de las consecuencias de su incumplimiento con los requisitos aludidos y con las órdenes de este Tribunal. El letrado tampoco ha comparecido ante nosotros, según le ordenamos, desde la Resolución que emitimos el 11 de diciembre de 2019.

Como indicamos, la desatención a nuestras órdenes denota una actitud de menosprecio e indiferencia hacia nuestra autoridad. Ello constituye una violación al Canon 9 del Código de Ética Profesional, supra, fundamento suficiente para decretar la separación indefinida de la profesión. Conforme a los postulados éticos esbozados, resolvemos que el licenciado Torres Acevedo infringió el Canon 9 del Código de Ética Profesional, supra, al incumplir con nuestras órdenes y con los requerimientos del PEJC.

## IV.

A raíz de lo anterior, se ordena la suspensión inmediata e indefinida del licenciado Torres Acevedo de la práctica de la abogacía y la notaría. Se le impone el deber de notificar inmediatamente a todos sus clientes su inhabilidad para continuar representándolos. Igualmente, se le ordena devolverles los expedientes de cualquier caso atendido o pendiente de resolución, así como cualquier cantidad recibida en honorarios por trabajos no realizados. Además, deberá informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente.

Se le impone la obligación de acreditar ante este Tribunal el cumplimiento con lo aquí ordenado, en un término de treinta (30) días desde la notificación de esta Opinión *Per Curiam* y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor José F. Torres Acevedo y entregarlos al Director de la Oficina de Inspección de Notarías para la inspección e informe correspondiente. Además, en virtud de esta suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza sus funciones notariales queda automáticamente cancelada. La fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que esta estuvo vigente.

Notifíquese por correo electrónico y por la vía telefónica esta Opinión *Per Curiam* y Sentencia al señor José F. Torres Acevedo.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José F. Torres Acevedo                    TS-13,214

SENTENCIA

En San Juan, Puerto Rico, a 10 de septiembre de 2020.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se decreta la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría del licenciado José F. Torres Acevedo. Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Deberá además informar inmediatamente de su suspensión a los foros judiciales y administrativos en que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo anterior en el término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiere conllevar que no se le reinstale cuando lo solicite.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del licenciado Torres Acevedo y entregarlos al Director de la ODIN para la investigación e informe correspondiente. Además, en virtud de esta suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres (3)

años después de su terminación, en cuanto a los actos realizados durante el periodo en que esta estuvo vigente.

Notifíquese por correo electrónico y por la vía telefónica esta Opinión *Per Curiam* y Sentencia al señor Torres Acevedo.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres no intervino.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo