EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                     |                   |
|                            | 2019 TSPR 230     |
|                            | 203 DPR _____     |
| Rosa N. Plaza Acevedo      |                   |

Número del Caso:  TS-13,992

Fecha:  27 de noviembre de 2019

Lcda. Rosa N. Plaza Acevedo:

    Por derecho propio

Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila de Jesús

Materia:  La suspensión será efectiva el 9 de diciembre de 2019, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re* | | |
| Rosa N. Plaza Acevedo | TS-13,992 | |

PER CURIAM

En San Juan, Puerto Rico, a 27 de noviembre de 2019.

En esta ocasión, nos corresponde ejercer nuevamente nuestro poder disciplinario contra un miembro de la profesión jurídica por incumplir con los requisitos y requerimientos del Programa de Educación Jurídica Continua (PEJC o el Programa), con los de la Oficina de Inspección de Notarías (ODIN) y por no acatar las órdenes de este Tribunal. Por los fundamentos que enunciamos a continuación suspendemos inmediata e indefinidamente del ejercicio de la abogacía y de la práctica de la notaría a la Lcda. Rosa N. Plaza Acevedo.

I

La licenciada Plaza Acevedo fue admitida al ejercicio de la abogacía el 30 de enero de 2002 y prestó juramento como notaria el 9 de abril del mismo año.[1]

El 16 de junio de 2017, este Tribunal estableció un periodo de exoneración, dirigido a los miembros de la

---

[1] El 21 de junio de 2019 ordenamos la incautación preventiva de la obra protocolar y sello notarial de la abogada.

profesión legal, para el pago de multas por cumplimiento tardío con el Reglamento del PEJC que se extendió desde el 1 de julio de 2017 hasta el 30 de junio de 2018.[2] Una vez culminó el periodo, el PEJC inició una evaluación con el propósito de referir a este Tribunal a los abogados y las abogadas que aún estaban en incumplimiento.[3] A esos efectos, en diciembre de 2018 el PEJC nos refirió una gran cantidad de profesionales del Derecho que habían incumplido con los periodos que comenzaron desde el 1 de febrero de 2011 al 1 de junio de 2013 y cuya fecha de vencimiento fue entre el 31 de enero de 2013 al 31 de mayo de 2015.

Específicamente, el 13 de diciembre de 2018, la Lcda. María C. Molinelli González, Directora del Programa, presentó un *Informe sobre incumplimiento con el requisito de educación jurídica continua*. Advirtió que la licenciada Plaza Acevedo fue uno de los profesionales del Derecho que incumplió con los requisitos reglamentarios para el periodo de 1 de diciembre de 2011 al 30 de noviembre de 2013. Sostuvo que esta no compareció ante el PEJC cuando se le requirió y que debía $50 de multa por cumplimiento tardío y $100 por el referido que se le impuso conforme a la Regla 32 (D) del Reglamento del Programa de Educación Jurídica Continua.[4]

---

[2] *In re Exoneración Multas Reglamento PEJC*, 198 DPR 430 (2017).
[3] Ello, luego de notificarles, oportunamente; darles la oportunidad de ser oídos y de facilitarles, por distintos medios, el cumplimiento con los requerimientos del Programa.
[4] *In re Aprobación Reglamento PEJC*, 198 DPR 254 (2017). La Regla 32 (D) del Reglamento del PEJC dispone que

> [c]uando la Junta determine referir al o a la profesional del Derecho al Tribunal Supremo, podrá imponerle una multa

El 9 de enero de 2019 emitimos una *Resolución* mediante la cual concedimos a la licenciada Plaza Acevedo un término de veinte días para que mostrara causa por la cual no se le debía suspender del ejercicio de la profesión por incumplir con los requisitos del PEJC y por no comparecer cuando se le requirió.

El 7 de febrero de 2019 la abogada contestó nuestro requerimiento y solicitó un término para completar el trámite requerido y acreditar el cumplimiento con los requerimientos del PEJC. El 11 de marzo de 2019 emitimos una *Resolución* mediante la cual concedimos un término de veinte días para presentar la certificación de cumplimiento emitida por el Programa. El 5 de abril de 2019 la letrada compareció nuevamente y solicitó un término adicional. El 14 de mayo de 2019 concedimos un término adicional de quince días para que cumpliera con nuestra *Resolución* del 11 de marzo de 2019. Desde entonces, han transcurrido seis meses sin que la licenciada Plaza Acevedo haya acreditado el cumplimiento con nuestras órdenes.

Por otro lado, el 13 de junio de 2019 el Lcdo. Manuel E. Ávila De Jesús, Director de la ODIN, presentó un *Informe especial sobre incumplimiento en la corrección de deficiencias notificadas*, solicitando incautación

---

de $100. Esta multa será adicional a la dispuesta en la Regla 30(E) de este Reglamento. El cumplimiento con las horas créditos requeridas luego de haberse referido el asunto al Tribunal Supremo no exime al o a la profesional del Derecho del pago de esta multa.

*preventiva de obra protocolar y en solicitud de remedios*. Informó que, como resultado de la presentación de una queja contra la licenciada Plaza Acevedo, citó a la abogada para que compareciera a examinar su obra protocolar. Así, el 4 de enero de 2019 esta se presentó a las oficinas de la ODIN y se realizó la inspección correspondiente. Subsiguientemente, la Inspectora de Protocolos a cargo del proceso le hizo entrega de un *Informe de señalamientos preliminares*. La Inspectora y la letrada acordaron que se reunirían para una reinspección final de la obra. No obstante, la abogada no compareció ni remitió comunicación formal para excusarse o solicitar reprogramación de la reunión.

Posteriormente, la Inspectora logró comunicarse con la notaria y señaló una nueva fecha de reunión. Sin embargo, la licenciada Plaza Acevedo se ausentó y no remitió comunicación para excusarse. Así las cosas, el 16 de abril de 2019 el Director de la ODIN envió por correo regular, a la dirección de la notaria que consta en el Registro Único de Abogados y Abogadas, un *Informe de deficiencias de obra notarial de la Lcda. Rosa [N.] Plaza [Acevedo] (Notario Núm. 13992), a tenor con la Regla 77(k) del reglamento notarial* suscrito por la Inspectora de Protocolos, el cual le adelantó por correo electrónico. Entre otros asuntos, hizo constar que aún subsistían ciertas deficiencias de naturaleza sustantiva y una deficiencia arancelaria estimada

de $132. Concedió quince días a la letrada para que expresara su posición y fundamentara cualquier objeción. Además, le apercibió que de incumplir con el requerimiento presentaría el informe ante este Tribunal. El término venció el 3 de mayo de 2019 sin que la licenciada respondiera la comunicación.

A pesar de lo anterior, el Director de ODIN le cursó otra comunicación concediéndole una segunda oportunidad para comparecer y reaccionar al escrito, estableciendo como fecha límite el 24 de mayo de 2019. A pesar de que le hizo el mismo apercibimiento, la notaria incumplió con el segundo requerimiento. Ante ello, el Director de ODIN solicitó la incautación preventiva de la obra protocolar y el sello notarial de la abogada y nos solicitó que le concediéramos un término final e improrrogable de treinta días calendario, a partir de la correspondiente resolución, para que atendiera el proceso de subsanación de la obra protocolar para los años naturales 2014 al 2017, incluyendo los señalamientos realizados en su Libro de Registro de Testimonios.

El 21 de junio de 2019 ordenamos la incautación preventiva de la obra protocolar y el sello notarial de la licenciada Plaza Acevedo y concedimos un término final e improrrogable de treinta días para que subsanara las deficiencias señaladas y pagara la deuda arancelaria. En la resolución le apercibimos que el incumplimiento con nuestra

orden podría conllevar sanciones disciplinarias severas, incluso la suspensión del ejercicio de la profesión.

El 30 de julio de 2019, el Director de la ODIN compareció mediante *Moción notificando incumplimiento de orden y en solicitud de remedios*. En síntesis, informó que la abogada no había comparecido ni se había comunicado para atender los señalamientos notificados en junio de 2019. Señaló que tampoco había coordinado una reunión de orientación para atender el asunto. Advirtió que el 24 de junio de 2019 la abogada envió un correo electrónico con un escrito titulado *Solicitud para subsanar deficiencias señaladas y pago de deuda arancelaria*. No obstante, puntualizó que la Secretaría de este Tribunal le confirmó que el documento no se había presentado para su registro y despacho. Ante ello, solicitó que le concediéramos un término final e improrrogable de quince días calendario, a partir de la correspondiente resolución, para cumplir con lo que ordenamos en la *Resolución* de 21 de junio de 2019. Asimismo, requirió que evaluáramos si procedía suspender a la licenciada de la práctica de la notaría. El 9 de agosto de 2019 emitimos una *Resolución* mediante la cual concedimos un término final e improrrogable de quince días a la licenciada Plaza Acevedo para que mostrara causa por la cual no debía ser suspendida de la práctica de la abogacía por incumplir con nuestra orden. Le apercibimos que el incumplimiento con la orden podría acarrear la imposición

de sanciones severas, incluyendo la suspensión inmediata e indefinida del ejercicio de la profesión.

El 26 de agosto de 2019 la letrada presentó una *Solicitud para subsanar deficiencias y pago de deuda arancelaria*. Señaló que su dilación en contestar las notificaciones enviadas por la ODIN se debió a situaciones personales y familiares. Adujo que la deuda arancelaria que tenía pendiente fue adherida a su obra notarial en una reunión que sostuvo con la Inspectora de protocolos. Finalmente, informó que coordinó una reunión para subsanar los señalamientos de su obra notarial.

El 11 de septiembre de 2019 el Director de la ODIN compareció mediante *Moción reiterando incumplimiento de orden y en solicitud de remedios*. Señaló que, contrario a lo expresado por la letrada, esta aún mantenía una deficiencia arancelaria de $126.50; que no había subsanado los señalamientos de naturaleza sustantiva originalmente notificados en el mes de abril de 2019 ni había cumplido con su proceso de encuadernación. Puntualizó que la licenciada Plaza Acevedo tampoco había entregado dos instrumentos públicos al momento de incautar su obra protocolar. Por consiguiente, indicó que la abogada tendrá que encaminar un proceso de reconstrucción de la obra protocolar extraviada.

El 20 de septiembre de 2019 concedimos un término perentorio de treinta días calendario, a partir de la notificación de la resolución, para que la licenciada Plaza

Acevedo subsanara la totalidad de las deficiencias señaladas en su obra protocolar incautada, incluyendo el pago de $126.50, correspondiente a la deficiencia arancelaria. En la resolución le apercibimos que no concederíamos más prórrogas y que el incumplimiento con esta orden acarrearía, entre otras sanciones disciplinarias, la suspensión de la práctica de la abogacía y, por consiguiente, de la notaría. Le advertimos, además, que de no acatar la orden respecto al pago de la deuda arancelaria el asunto se referiría al Departamento de Justicia para la investigación correspondiente.

El 23 de octubre de 2019 el Director de la ODIN presentó una *Segunda moción reiterando incumplimiento de orden y solicitud de remedios*. En síntesis, informó que la licenciada Plaza Acevedo no había completado el proceso de subsanación ni se había comunicado para coordinar una reunión. Señaló que aún subsisten en su obra protocolar los señalamientos de naturaleza sustantiva, así como la deficiencia arancelaria de $126.50 que impiden la aprobación de la obra protocolar.

Debemos advertir que al momento de emitir esta Opinión *per curiam* y *Sentencia* la licenciada Plaza Acevedo tampoco ha comparecido ante este tribunal ni ha presentado justa causa por su incomparecencia.

II

Tenemos el poder inherente de regular la profesión legal en Puerto Rico y, por consiguiente, nos corresponde asegurar que los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones de manera responsable, competente y diligente.[5] El Código de Ética Profesional es el cuerpo de normas mínimas que rige los principios éticos y la conducta que deben desplegar los abogados y las abogadas que ejercen tan ilustre profesión.

En el ejercicio de la profesión jurídica todo abogado y toda abogada tiene el deber de realizar "esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional".[6] Con ese propósito, este Tribunal adoptó el *Reglamento de Educación Jurídica Continua*, 4 LPRA Ap. XVII-D, según enmendado, y el *Reglamento del Programa de Educación Jurídica Continua*, *supra*. A través del *Reglamento del Programa*, se les requiere a los miembros de la profesión legal cumplir con ciertas horas créditos en educación jurídica continua. Específicamente, los abogados y las abogadas deben tomar, por lo menos, veinticuatro horas crédito de educación jurídica continua en un periodo de tres años.[7] Ello, con el propósito de que toda persona que solicite sus servicios

---

[5] *In re Santiago Méndez*, 201 DPR 436, 442 (2018); *In re Marín Serrano*, 197 DPR 535, 539 (2017); *In re Oyola Torres*, 195 DPR 437, 440 (2016); *In re Vera Vélez*, 192 DPR 216, 226 (2015).

[6] Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX.

[7] Véase Regla 6 del Reglamento de Educación Jurídica Continua y la Regla 28 del Reglamento del PEJC.

pueda contar con una representación legal adecuada. Aquel togado que no completa veinticuatro horas crédito en un periodo de tres años incumple con el deber de educarse continuamente.[8] Además, la Regla 28 de este cuerpo legal dispone que, al finalizar cada periodo, los abogados deben asegurar que su cumplimiento está acreditado por el PEJC. El incumplir y desatender los requerimientos del PEJC, en cuanto a las horas crédito requeridas, nos ha llevado a imponer sanciones disciplinarias severas, incluyendo la suspensión inmediata de la profesión.[9]

En cuanto a la función notarial, hemos expresado que el notario no puede mostrarse indiferente ante los señalamientos realizados por la ODIN en cuanto a las deficiencias de la obra notarial.[10] Tampoco debe esperar a que el Tribunal Supremo le notifique las faltas señaladas en la obra notarial para, entonces, cumplir con los requerimientos.[11] Por el contrario, una vez la ODIN notifica al notario alguna deficiencia en su obra protocolar, este tiene la obligación de subsanar con premura cualquier falta señalada.[12]

El ejercicio de la notaría requiere el mayor celo en el cumplimiento de las obligaciones que imponen la Ley

---

[8] *In re Abreu Figueroa*, 198 DPR 532, 537 (2017).
[9] *Íd*. Véase, además, *In re López González et al.*, 193 DPR 1021 (2015).
[10] *In re Cruz Liciaga*, 198 DPR 828, 835 (2017); *In re Amiama Laguardia*, 196 DPR 844, 847-848 (2016).
[11] *Íd*.
[12] *Íd*.

Notarial y su Reglamento, así como los deberes éticos.[13] Entre los deberes que se les impone a los notarios está el deber de guardar celosa y responsablemente los protocolos para que no se pierdan o menoscaben.[14] Los notarios están sujetos a reponer o restaurar a sus expensas el deterioro, menoscabo o la pérdida de los protocolos bajo su custodia.[15] También podrán ser objeto de sanciones si esos documentos se deterioran o pierden por su falta de diligencia.[16]

Sabido es que la calidad de la justicia y la buena marcha de los procesos es responsabilidad de todo miembro de la profesión legal. Ese deber incluye el realizar todas las gestiones propias y legales, observando particular y rigurosamente los requerimientos de este Tribunal. En lo pertinente, el Canon 9 del Código de Ética Profesional, específicamente, obliga al abogado a observar para con los tribunales una conducta que se caracterice por el mayor respeto.[17]

En ese sentido, los abogados y las abogadas tienen un deber ineludible de cumplir pronta y diligentemente las órdenes de este y todos los tribunales, al igual que con los requerimientos de todas las entidades públicas que

---

[13] *In re Abendaño Ezquerro*, 198 DPR 677, 682 (2017).

[14] Véase el Art. 48 de la Ley Notarial, 4 LPRA sec. 2072. Véanse, además, *In re Ortiz López*, 201 DPR 720 (2019); *In re Bryan Picó,* 192 DPR 246, 252 (2015); *In re Rosebaum*, 189 DPR 115, 118-120 (2013).

[15] *Íd.*

[16] *Íd.*

[17] *In re Abendaño Ezquerro, supra; In re Abreu Figueroa, supra*, pág. 538; *In re Mangual Acevedo*, 197 DPR 998, 1001 (2017); *In re Candelario Lajara I*, 197 DPR 722, 725 (2017); *In re Marín Serrano, supra*, pág. 539.

intervienen en los procesos disciplinarios.[18] Asumir una actitud de menosprecio e indiferencia a nuestras órdenes y los requerimientos de nuestros funcionarios y organismos denota una falta de respeto hacia nuestra autoridad y constituye una violación al Canon 9.[19] Lo anterior se extiende a los requerimientos que realice la Oficina del Procurador General, la Oficina de Inspección de Notarías y el PEJC.[20] Según hemos reiterado en múltiples ocasiones, ello constituye un serio agravio a la autoridad de los Tribunales y es suficiente para decretar su separación indefinida de la profesión.[21]

Expuesta la norma jurídica que aplica, pasemos a evaluar la conducta exhibida por la licenciada Plaza Acevedo.

III

A pesar de todos los esfuerzos, las oportunidades que se le concedieron y los múltiples requerimientos cursados a la licenciada Plaza Acevedo, esta no compareció ante el PEJC cuando se le requirió, ha incumplido con los requerimientos del Programa y adeuda $50 de multa por cumplimiento tardío

---

[18] *In re Alejandro Zúñiga,* 198 DPR 504, 506 (2017); *In re Abreu Figueroa*, *supra*, pág. 538; *In re Pérez Rojas*, 195 DPR 571, 573 (2016).

[19] *In re Candelario Lajara I, supra,* págs. 725-726; *In re Ducoudray Acevedo*, 197 DPR 253, 257 (2017); *In re Pérez Rojas*, *supra*, pág. 573. Véanse, además, *In re Colón Collazo*, 196 DPR 239, 242 (2016); *In re Pastrana Silva*, 195 DPR 366, 369 (2016).

[20] *In re López Pérez*, 201 DPR 123, 126 (2018); *In re Arocho Cruz*, 200 DPR 352 (2018).

[21] *In re López Pérez, supra*; *In re Abreu Figueroa, supra*; *In re Pérez Rojas*, *supra*, pág. 574; *In re Pastrana Silva*, *supra*, pág. 369.

y $100 por el referido que se le impuso conforme a la Regla 32 (D) del Reglamento del Programa. Tampoco compareció ante la ODIN cuando se le requirió, incumplió con su deber de completar el proceso de inspección y subsanación de su obra protocolar y no ha pagado la deuda arancelaria de $126.50. Asimismo, la licenciada Plaza Acevedo ha hecho caso omiso a las órdenes que hemos impartido y no ha acreditado las causas para justificar su incumplimiento; aun cuando se le apercibió expresamente sobre las consecuencias que acarrearía su actuación u omisión.

La actitud de dejadez y desidia demostrada por la licenciada Plaza Acevedo ante los distintos foros constituyó un claro menosprecio a nuestra autoridad. La indiferencia de la licenciada Plaza Acevedo es prueba incontrovertible de que ya no le interesa continuar ejerciendo la profesión legal. En vista de lo anterior, nos vemos precisados a ejercer nuestra facultad disciplinaria y suspenderla inmediata e indefinidamente de la práctica de la profesión.

IV

Por las razones antes expuestas, decretamos la suspensión inmediata e indefinida de la licenciada Plaza Acevedo de la profesión de la abogacía y el ejercicio de la notaría. En consecuencia, se le impone el deber de notificar, de forma inmediata, a todos sus clientes de su inhabilidad para continuar representándolos. De igual forma, se le ordena devolverles los expedientes de casos pendientes

y cualquier cantidad recibida en honorarios por trabajos no realizados.

Asimismo, tiene la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. En consecuencia, deberá acreditar y certificar a este Tribunal el cumplimiento con todo lo anterior, en un término de treinta (30) días, contados a partir de la notificación de esta Opinión *per curiam* y *Sentencia*. No hacerlo pudiera conllevar a que no se le reinstale cuando lo solicite.

Por otro lado, el Alguacil de este Tribunal deberá incautar y entregar al Director de ODIN los dos instrumentos públicos que la señora Plaza Acevedo no tenía bajo su custodia al momento de la incautación. En su defecto, esta deberá informar si estos se extraviaron y si es necesario encaminar un proceso de reconstrucción, al amparo de la Regla 58-A del Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV.

Finalmente, la señora Plaza Acevedo deberá, en un término de treinta (30) días calendario, a partir de la notificación de esta *Sentencia*, subsanar a sus expensas la obra protocolar que al presente se encuentra bajo la custodia de la ODIN, so pena de que el asunto sea referido al Tribunal de Primera Instancia para un proceso de desacato.

Su fianza notarial queda automáticamente cancelada. No obstante, la fianza se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por la abogada durante el periodo en que la misma estuvo vigente.

Notifíquese inmediatamente esta Opinión *per curiam* y *Sentencia* a la señora Plaza Acevedo por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| *In re*:<br><br>Rosa N. Plaza Acevedo | TS-13,992 |  |

SENTENCIA

En San Juan, Puerto Rico, a 27 de noviembre de 2019.

Por los fundamentos enunciados en la Opinión *Per Curiam* que antecede y se hace formar parte de esta Sentencia, suspendemos inmediata e indefinidamente a la Lcda. Rosa N. Plaza Acevedo de la profesión de la abogacía y el ejercicio de la notaría. En consecuencia, se le impone a la señora Plaza Acevedo el deber de notificar, de forma inmediata, a todos sus clientes de su inhabilidad para continuar representándolos. De igual forma, se le ordena devolverles los expedientes de casos pendientes y cualquier cantidad recibida en honorarios por trabajos no realizados.

Asimismo, tiene la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. En consecuencia, deberá acreditar y certificar a este Tribunal el cumplimiento con todo lo anterior, en un término de treinta (30) días, contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar a que no se le reinstale cuando lo solicite.

Por otro lado, el Alguacil de este Tribunal deberá incautar y entregar al Director de la Oficina de Inspección de Notarías (ODIN) los dos instrumentos públicos que la señora Plaza Acevedo no tenía bajo su custodia al momento de la incautación. En su defecto, esta deberá informar si estos se extraviaron y si es necesario encaminar un proceso de reconstrucción, al amparo de la Regla 58-A del Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV.

Finalmente, la señora Plaza Acevedo deberá, en un término de treinta (30) días calendario, a partir de la notificación de esta Sentencia, subsanar a sus expensas la obra protocolar que al presente se encuentra bajo la custodia de la ODIN, so pena de que el asunto sea referido al Tribunal de Primera Instancia para un proceso de desacato.

Su fianza notarial queda automáticamente cancelada. No obstante, la fianza se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por la abogada durante el periodo en que la misma estuvo vigente.

Notifíquese inmediatamente esta Opinión *per curiam* y Sentencia a la señora Plaza Acevedo por la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo.   La Juez Asociada señora Rodríguez Rodríguez no intervino.


                              José Ignacio Campos Pérez
                              Secretario del Tribunal Supremo